■ In the Matter of GERALD KITT, Petitioner, v ROBERT HAFT et al., Respondents. — Petition requesting an order prohibiting respondents from retrying petitioner on indictment number 2116/78, charging him with murder in the second degree, unanimously granted, without costs or disbursements, to the extent of dismissing said indictment with leave to resubmit to the Grand Jury, remanding the matter to Trial Term for the purpose of issuing a securing order pursuant to CPL 210.45 (subd 9), and committing petitioner to the custody of the Department of Correction pending the issuance of the securing order. ¶ Petitioner was indicted for murder in the second degree. At trial the court submitted manslaughter in the first degree to the jury in the alternative, as a lesser included offense. When the jury returned to the courtroom to render its verdict the forelady, in response to the clerk's inquiry about the jury's verdict on the charge of murder in the second degree, stated, "We did not reach a unanimous decision on that, that would be not guilty." When, without further colloquy, the Judge directed the clerk to inquire about the charge of manslaughter in the first degree, the forelady reported a verdict of guilty. After polling the jury the court accepted the verdict. Eventually petitioner's conviction of manslaughter was reversed and a new trial directed. The People now wish to retry him on the murder charge. Petitioner seeks a writ of prohibition barring a retrial of the murder charge on the ground that such a trial would constitute double jeopardy. ¶ We find that retrial of the murder charge is prohibited. A verdict of guilty upon a lesser offense "is deemed an acquittal of every greater offense submitted." (CPL 300.50, subd 4.) The conviction of the lesser included offense of manslaughter thus transforms the jury's failure to reach a verdict on the murder count into an acquittal of that charge. This court has noted "The rule is clear that where a defendant is charged with a crime and is convicted of a lesser included offense which is subsequently reversed, the retrial is, of necessity, limited to the highest charge upon which defendant was convicted. The conviction on the lesser charge constitutes an acquittal of the higher charge (CPL 300.40, subd 3, par [b]), and, thus, a retrial on the higher charge constitutes double jeopardy". (People v Darrisaw, 68 AD2d 822, 823, revd on other grounds 49 NY2d 786, citing Price v Georgia, 398 US 323.) ¶ In an effort to escape the mandate of CPL 300.50 (subd 4), the People argue that since a deadlock was reported on the murder charge, the conviction on the lesser included offense of manslaughter cannot be deemed an acquittal of the murder charge. Thus, they contend, the verdict was a partial one, and a retrial of the murder charge is permissible under CPL 310.70 (subds 1, 2). CPL 310.70 (subd 2, par [a]) permits a retrial of an offense as to which a jury was unable to reach a verdict when it has returned a verdict with respect to one or more but not all of the offenses submitted to it except when "[a] verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense". The court correctly instructed the jurors to consider the murder charge first. It further advised that if they found petitioner not guilty of murder in the second degree or failed to reach a verdict on that charge "then and only then are you to consider the lesser included count of manslaughter in the first degree." If petitioner were convicted of murder he could not be convicted of the manslaughter charge. Thus, even if the verdict were considered a partial one, he

could not be retried on the murder charge, since a verdict of guilty of murder would have been inconsistent with a verdict of guilty as to manslaughter. ¶ Notwithstanding the jury's inability to reach a verdict on the murder charge, petitioner is deemed as a matter of law to have been acquitted of that charge. CPL 300.50 (subd 4) mandates that petitioner's conviction of manslaughter be deemed an acquittal of the murder charge. Since the single count indictment charged only murder in the second degree, it must be dismissed. Such dismissal, however, is with leave to resubmit to the Grand Jury on any lesser included offense. (See *People v Fudger,* 73 AD2d 1020; also, *People v Mayo,* 48 NY2d 245; *People ex rel. Poulos v McDonnell,* 302 NY 89.) Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Lynch, JJ.