THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REXFORD TIMOTHY BAKER, Appellant.

Third Department, July 18, 1985

### APPEARANCES OF COUNSEL

*Kenneth P. Helisek* for appellant.

*Patrick H. Mathews, District Attorney (James F. Franchi* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J.

On April 11, 1982, at approximately 5:30 A.M., Officers Leon Van Winkle and Robert F. Avery of the Broome County Sheriff's Department received a report of an accident on Interstate Route 88 in the Town of Fenton, Broome County. Upon their arrival at the scene, the officers observed defendant's Chevy pickup truck in the center of the median on Route 88. Defendant was inside the vehicle and its engine was running. As the officers attempted to speak with defendant, he put the vehicle in reverse and placed his foot on the gas in an apparent effort to drive away. This attempt was unsuccessful as the vehicle remained stuck in the median.

Defendant was then removed from his vehicle and both officers observed that he appeared intoxicated. Accordingly, defendant was placed under arrest and given *Miranda* and driving

while intoxicated warnings (*see,* Vehicle and Traffic Law § 1194). Upon his refusal to submit to a breathalyzer test, defendant was transported to the police station. At the station, driving while intoxicated warnings were again administered to defendant. Defendant allegedly responded to these warnings with three separate answers. Initially, he refused to take a breathalyzer test. Shortly thereafter, defendant stated that he "might" submit to a blood test. However, defendant was then asked again whether he would submit to a chemical test of his blood or breath and his final response was that he refused to submit to the test.

In due course, defendant was indicted for driving while intoxicated, as a felony (Vehicle and Traffic Law § 1192 [3]). After trial, defendant was convicted of the crime charged in the indictment and this appeal ensued.

Defendant contends that County Court erred by instructing the jury that it could consider the lesser included offense of driving while ability is impaired "if, and only if" it found defendant not guilty of the greater charge of driving while intoxicated.* Defendant further contends that the error was compounded when the jury requested clarification concerning the difference between intoxication and impairment after deliberations had begun. At that time, County Court reread the definition of intoxication, but declined to reread the definition of impairment. Also, the court again stated that impairment could only be considered in reference to the instructed lesser included offense, which the jury would only reach if defendant were acquitted with respect to the charge in the indictment.

Defendant failed to object to County Court's instruction that the jury should only consider the lesser offense if it acquitted defendant on the greater charge. Rather, defendant's only objection in this regard was addressed to the court's refusal to reread the definition of impairment. The issue presented, whether a trial court may instruct the jury to find defendant not guilty of the greater crime before considering any lesser included offense submitted to it, is likely to recur and surprisingly has not squarely been addressed by the courts of this State. Accordingly,

---

   \* County Court instructed the jury that: "If you find [defendant] guilty of driving while intoxicated, you may terminate your deliberations and report you have reached a verdict. If, and only if, you find him not guilty of that charge, may you then proceed to consider the lesser included charge; that is * * * driving while ability impaired." Such charge mirrors that recommended by the Committee on Criminal Jury Instructions (1 CJI [NY] 14.05, pp 752-754 [1983]).

despite the lack of an objection by defendant, we shall consider the issue in the interest of justice (*see,* CPL 470.15 [3] [c]).

By statute, a trial court is required to submit the lesser included offense charge in the alternative so that a defendant may either be convicted on only one count or acquitted (*see,* CPL 300.50 [4]; *People v Clark,* 50 AD2d 932). At the same time, however, there is no actual pronouncement in the statute directing that defendant be acquitted of the greater offense before consideration of the instructed lesser charge can ensue (*see,* 1 CJI [NY] 14.04, pp 744-746 [1983]). Moreover, the relatively few decisions of our courts discussing the jury's order of consideration of multiple crimes provide no answer to our inquiry (*compare, People v Snyder,* 297 NY 81, 91, *with People v Willson,* 109 NY 345, 356-357).

There is, however, Federal authority which has addressed the instant issue. In *United States v Tsanas* (572 F2d 340, *cert denied* 435 US 995), the Second Circuit held that an instruction permitting the jury to consider the lesser offense only upon acquitting defendant of the greater offense was not invalid. At the same time, the Second Circuit opined that an instruction enabling the jury to consider the lesser offense if, after reasonable efforts, it was unable to reach a verdict on the greater offense, would also be considered valid. In this regard, the court summarized that: "we cannot say that either form of instruction is wrong as a matter of law. The court may give the one that it prefers if the defendant expresses no choice. If he does, the court should give the form of instruction which the defendant seasonably elects" (*supra,* p 346). This rule has been adopted by other courts (*see, e.g., United States v Jackson,* 726 F2d 1466, 1469-1470; *Pharr v Israel,* 629 F2d 1278, 1280, *cert denied* 449 US 1088; *Catches v United States,* 582 F2d 453, 459), and we take this opportunity to do the same. Consequently, since defendant failed to expressly request a charge different than the one given, we find no error. Turning to County Court's failure to reread the definition of impairment, we conclude, on the facts of this case, that since defendant was convicted of the greater crime, there was no reversible error.

Contrary to defendant's assertions a review of the record reveals that County Court's evidentiary rulings were proper and that the evidence was sufficient to sustain the conviction. We have reviewed defendant's remaining contentions and find them to be without merit. The judgment must, therefore, be affirmed.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Judgment affirmed.