THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LUDWIG BOETTCHER, Appellant.

Second Department, June 9, 1986

APPEARANCES OF COUNSEL

*Bracken & Jacoppi (Vincent A. Malito* of counsel), for appellant.

*Patrick Henry, District Attorney (Daniel J. Murphy* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, J.

In charging down from a greater to a lesser included offense, should jurors be instructed that they may consider the lesser included offense only if they unanimously find the defendant "not guilty" of the greater offense? Or, should the jury be instructed that they may also consider the lesser included offense when, after a reasonable effort, they are unable to agree on a verdict upon the greater offense?

In our view, the former instruction is the proper method of charging the jury. Since the jury in the instant criminal action was so charged, the defendant's judgment of conviction must be affirmed.

I

The defendant was charged, in indictment No. 974/85, with having committed the crime of operating a motor vehicle while under the influence of alcohol as a felony, pursuant to Vehicle and Traffic Law § 1192 (3) and (5), in that on April 27, 1985, he "unlawfully operated and drove a motor vehicle upon a public highway while in an intoxicated condition". The evidence adduced at the trial also supported a charge down to the lesser included offense of operating a motor vehicle while the defendant's ability to operate the same was impaired by the consumption of alcohol, pursuant to Vehicle and Traffic Law § 1192 (1). In accordance therewith, the defense counsel requested the trial court to instruct the jurors that they could consider the lesser included offense of "Driving While Impaired", not only if they found the defendant not guilty of the greater offense of "Driving While Intoxicated", but also if they could "not reach" or were "unable" to reach a verdict on the greater offense of "Driving While Intoxicated". In his request, the defense counsel relied on the authority of the United States Court of Appeals for the Second Circuit in *United States v Tsanas* (572 F2d 340, *cert denied* 435 US 995). The trial court acknowledged its familiarity with *United States v Tsanas (supra),* but advised the defense counsel that it would not follow it. Accordingly, it denied the defense counsel's

request to charge. Instead, the trial court advised counsel that it would charge the jury as follows: "[I]f the People fail to prove the defendant's guilt beyond a reasonable doubt on Driving While Under the Influence of Alcohol, then, and only then, will they consider Driving While Impaired". The defense counsel duly objected.

In accordance with its refusal to charge in the manner requested by the defense counsel, the court in its charge, instructed the jurors that:

"Now, under our law most crimes are possible of being separated into lesser included offenses and under certain circumstances one charged with a certain crime may be convicted of the crime as charged or of a lesser included offense of the crime as charged. Consequently, you will consider the guilt or innocence of the defendant as to the charge of Driving While Impaired, but only if you have first found him to be not guilty of Driving While Intoxicated in accordance with the instructions I have given you.

"If you find that the People have established the guilt of the defendant as to Driving While Intoxicated beyond a reasonable doubt, it is your duty to find the defendant guilty of that crime without considering Driving While Impaired. You would not be justified in finding the defendant guilty of the lesser offense just because you felt that you would rather see some other disposition in the case or because you may dislike to do a disagreeable thing or because of any other reason. There is only one thing that justifies a verdict for a lesser offense and that is that such lesser offense is established beyond a reasonable doubt and the higher offense is not so established.

"Consequently, you will consider Driving While Impaired only if you find the defendant not guilty of Driving While Intoxicated * * *

"Your verdict must be unanimous. The same requirement of unanimity is required for you to acquit the defendant as well as to convict him. You must all degree [sic] together to reach either verdict".

At the conclusion of the charge, the defense counsel registered his "objection as to the instruction including the lesser included offense", and cited, as additional support for his objection, the decision of the Appellate Division, Third Department, in *People v Baker* (109 AD2d 348). The court rejected the defense counsel's objection, stating: "THE COURT: I really don't understand the Second Circuit [and] the Third Department. If

you submit it to the jury as they contend, it's a free-for-all in there". The jury ultimately found the defendant guilty of the greater offense of operating a motor vehicle under the influence of alcohol as a felony.

On the instant appeal, the defendant argues that the trial court committed reversible error in failing to charge the jurors, in accordance with his request, that they could also consider the lesser included offense of "Driving While Impaired" if they were unable to reach a verdict as to the greater offense of "Driving While Intoxicated", viz., that it was not necessary for the jury to unanimously find him not guilty with respect to the greater offense of "Driving While Intoxicated" before considering the lesser included offense of "Driving While Impaired".

## II

The concept of lesser included offenses was first introduced into the statutes of our State in 1829 when the Legislature provided as follows (2 Rev Stats, part IV, ch I, tit VII, § 27): "Upon an indictment for any offence consisting of different degrees * * * the jury may find the accused not guilty of the offence in the degree charged in the indictment, and may find such accused person guilty of any degree of such offence, inferior to that charged".

This statute was superseded in 1881 by the former Code of Criminal Procedure § 444 which provided as follows: "§ 444 * * * Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime". These statutes clearly contemplated that the jury could not consider the lesser included offense until it reached a verdict of not guilty on the greater offense.* However, they offered little guidance to the Trial Bench as to when a lesser included offense should be submitted to the jury. Evolving case law, culminating in the oft-quoted decision of the Court of Appeals in *People v Mussenden* (308 NY 558, 563), set forth the answers to that question as follows: "The principle has, accordingly, evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in

---

* The prevailing case law was not entirely helpful on this issue *(compare, People v Willson,* 109 NY 345, 346, *with People v Snyder,* 297 NY 81, 91).

the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one." Code of Criminal Procedure § 444, was superseded in 1970 (L 1970, ch 996, § 1), by CPL 300.50, which provides in relevant part:

"§ 300.50 Court's charge; submission of lesser included offenses

"1. In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense * * *

"2. If the court is authorized by subdivision one to submit a lesser included offense and is requested by either party to do so, it must do so."

Although CPL 300.50 (1) is "linguistically different from its statutory predecessors", it "was intended merely to reflect current judicial interpretation of the prior statute and codified what was termed the 'prevailing rule established in *People* v. *Mussenden,* 1955, 308 N. Y. 558, 562-563' (Commission Staff Comment to CPL 300.50)." *(People v Scarborough,* 49 NY2d 364, 369.) In short, the Legislature, in enacting CPL 300.50 (1), did not intend to change the rule that jurors could consider a lesser included offense only if they found the defendant not guilty of the greater offense. Indeed, as recently as December 1985, this court in *People v Tabarez* (113 AD2d 461, 469), stated as follows with respect to a lesser included charge given by a trial court: "The trial court properly instructed the jurors that they could consider the lesser included offenses only if they found the defendant not guilty of attempted murder" *(see also, People v Magliato,* 110 AD2d 266, 268, *appeal dismissed* 67 NY2d 829; *Fuller v United States,* 407 F2d 1199, 1227, *cert denied* 393 US 1120; *United States v Butler,* 455 F2d 1338, 1340).

III

In arguing that he was entitled to a charge that the jurors could also consider the lesser included offense if they were "unable to reach" an agreement with respect to the greater offense, the defendant relies on the decision of the United

States Court of Appeals for the Second Circuit in *United States v Tsanas* (572 F2d 340, *cert denied* 435 US 995, *supra*).

In *United States v Tsanas (supra)* the Trial Judge instructed the jury, without objection, that they could only reach the lesser included count after they had decided unanimously to acquit the defendant of the higher count charged. On appeal, the defendant argued, for the first time, that the trial court committed "plain error in requiring a unanimous verdict of not guilty of the greater offense before allowing the jury to move to the lesser" *(United States v Tsanas, supra, at p 344)*. The defendant argued that the jury also should have been permitted to consider the lesser included offense if it "could not reach agreement on a conviction for the greater offense" *(United States v Tsanas, supra, at p 344)*. The Court of Appeals for the Second Circuit summarized the advantages and disadvantages for the Government and the defendant with respect to the charge given by the Trial Judge and that desired by the defendant as follows:

"The instruction given here has the merit, from the Government's standpoint, of tending to avoid the danger that the jury will not adequately discharge its duties with respect to the greater offense, and instead will move too quickly to the lesser one. From the defendant's standpoint, it may prevent any conviction at all; a jury unable either to convict or acquit on the greater charge will not be able to reach a lesser charge on which it might have been able to agree. But it entails disadvantages to both sides as well: By insisting on unanimity with respect to acquittal on the greater charge before the jury can move to the lesser, it may prevent the Government from obtaining a conviction on the lesser charge that would otherwise have been forthcoming and thus require the expense of a retrial. It also presents dangers to the defendant. If the jury is heavily for conviction on the greater offense, dissenters favoring the lesser may throw in the sponge rather than cause a mistrial that would leave the defendant with no conviction at all, although the jury might have reached sincere and unanimous agreement with respect to the lesser charge.

"An instruction permitting the jury to move on to the lesser offense if after all reasonable efforts it is unable to reach a verdict on the greater likewise has advantages and disadvantages to both sides—the mirror images of those associated with the charge actually given here. It facilitates the Government's chances of getting a conviction for something, although

at the risk of not getting the one that it prefers. And it relieves the defendant of being convicted on the greater charge just because the jury wishes to avoid a mistrial, but at the risk of a conviction on the lesser charge which might not have occurred if the jury, by being unable to agree to acquit on the greater, had never been able to reach the lesser" *(United States v Tsanas, supra,* at p 346).

The court then concluded (p 346): "With the opposing considerations thus balanced, we cannot say that either form of instruction is wrong as a matter of law. The court may give the one that it prefers if the defendant expresses no choice. If he does, the court should give the form of instruction which the defendant seasonably elects". In exploring the psychological dynamics of a typical jury's deliberative processes, the court in *United States v Tsanas (supra,* p 346) was primarily concerned with the practical effect that an "acquittal only" charge might have on dissenting jurors favoring acquittal on the greater offense, viz., that they would "throw in the sponge" and vote to convict the defendant of the greater offense in order to avoid a mistrial, since only a unanimous "not guilty" verdict would otherwise free the jurors to consider the lesser included offense. The court in *United States v Tsanas (supra)* was of the view that (1) a defendant should be afforded the option to select the "inability to agree" instruction because it was his liberty which was ultimately at stake and (2) the only prejudice to the Government under that approach was that it might obtain a conviction of the lesser, rather than the greater offense, which it might have preferred.

We are aware that the approach adopted in *United States v Tsanas (supra)* has been expressly accepted by the United States Court of Appeals for the Ninth Circuit in *United States v Jackson* (726 F2d 1466, 1469-1470) and the Appellate Division, Third Department, in *People v Baker* (109 AD2d 348, *supra).* The Committee on Criminal Jury Instructions (1 CJI [NY] 14.05 pp 753-754) has reached a similar conclusion by providing in its sample charge that a Judge must instruct a jury that they are to consider the lesser included offense if they find the defendant "not guilty" of the greater offense, and, if requested by the defendant, must instruct the jury that they may also consider the lesser included offense, if, "after a reasonable effort", they "are unable to agree upon a verdict with respect to" the greater offense. Nevertheless, we are unable to agree with these authorities.

## IV

In discussing the lesser included offense doctrine, our Court of Appeals noted in *People v Mussenden* (308 NY 558, 562, *supra)*, that the doctrine indirectly "redounds to the benefit of defendants * * * since its effect actually is to empower the jury 'to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence' ". However, the court stressed that the "proper function or duty" of the jury consists "solely of applying the legal definitions of crime, as laid down by the trial court, to the evidence and of convicting of the crime charged, if that is established beyond a reasonable doubt" *(People v Mussenden, supra,* at p 562). The court recognized that there was "probably no way to prevent or guard" against "merciful or weak jurors" who "disregard even overwhelming proof of culpability and * * * convict of a lower crime than the evidence reflects" *(People v Mussenden, supra,* at p 563). Nevertheless, the court stressed that: "[A] court should avoid doing anything * * * that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict * * * [T]he jury's power to dispense mercy * * * should not be allowed so to dominate the trial proceedings as to impede or interfere with the jury's primary fact-finding function" *(People v Mussenden, supra,* at p 563). In our view, the instruction requested by the defendant in the case at bar, and sanctioned in *United States v Tsanas* (572 F2d 340, *supra)*, (1) improperly allows the defendant in a criminal trial to determine how a particular statute is to be interpreted and (2) invites jurors to abdicate their fact-finding duties and enhances the likelihood that a compromise or unwarranted verdict will be returned *(People v Mussenden, supra,* at p 563). In contrast, by instructing jurors that they cannot consider a lesser included offense until a unanimous verdict of not guilty is reached on the greater offense, the possibility that a compromise or unwarranted verdict will be returned is substantially lessened. Moreover, the principal concern expressed in *United States v Tsanas (supra)*, i.e., that dissenting jurors favoring the defendant's innocence on the greater offense may be compelled by the latter instruction to disavow their inclinations and vote to convict on the greater offense in order to avoid a mistrial, is purely speculative and, in our view, does not provide a compelling reason to afford a defendant the option of selecting the instruction requested in the case at bar. In any event, it has long been recognized, albeit in a somewhat different context,

that the very nature of the jury's deliberative processes necessarily contemplates a dynamic exchange of views, spirited debate and even the domination of certain jurors by others. Indeed, it has been stated that *(People v De Lucia,* 20 NY2d 275, 278):* "Common experience indicates that at times articulate jurors may intimidate the inarticulate, the aggressive may unduly influence the docile. Some jurors may 'throw in' when deliberations have reached an impasse". Therefore, the fact that certain jurors may, or may not, decide to alter their votes when faced with an instruction that they may commence consideration of the lesser offense only after reaching a unanimous verdict of not guilty on the greater offense, merely reflects an entirely legitimate aspect of the jury's deliberative function for which no remedial accommodation is, in our view, warranted. Finally, it bears noting that the People maintain an interest in securing a dispositive determination on the greater offense, which may be frustrated by the instruction requested by the defendant in the case at bar. Accordingly, we conclude that (1) the defendant was not entitled, pursuant to his request, to a charge instructing the jurors that they could also consider the lesser included offense upon their inability to reach a unanimous verdict on the greater offense and (2) the trial court's refusal to charge as requested by the defendant was therefore correct.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Accordingly, the judgment of conviction must be affirmed.

LAZER, J. P., GIBBONS and SPATT, JJ., concur.

Judgment of the County Court, Suffolk County, rendered October 21, 1985, affirmed.