*178 OPINION OF THE COURT
Chief Judge Wachtler.
The issue presented on this appeal is the nature of the transition instruction, which guides the jury in its consideration of lesser included offenses, to which a defendant is entitled upon request.
At the defendant’s trial on an indictment charging him with operating a motor vehicle while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (3) and (5), the People demonstrated that a police officer assigned to a special "Stop DWI” program saw the defendant driving a vehicle leaving a "park and ride” area adjacent to an exit of the Long Island Expressway shortly after 5:00 a.m. on a Saturday morning. The officer saw the car make a wide right turn into the left traffic lane of the service road, and later cross the center dividing line. Upon reaching a stop sign, the car halted for 30 seconds, though there was no other traffic in the vicinity. After making a right turn at the stop sign and then proceeding, the defendant’s car again crossed the center line twice.
The officer stopped the car. The defendant, in response to a request for his license and registration, produced only a registration. The officer observed that his breath smelled of alcohol, his eyes were bloodshot and watery and his speech slightly slurred. Upon alighting from his vehicle, the defendant was unsteady on his feet and swayed back and forth. The officer concluded that the defendant was intoxicated, placed him under arrest and advised him of his rights regarding the taking of a chemical test to determine blood alcohol level, which the defendant refused.
The defendant was taken to the "Stop DWI” trailer and logged in by the desk sergeant, who also concluded, based on his own observations, that the defendant was intoxicated. The arresting officer readvised the defendant of his rights regarding the chemical test, and the defendant again refused.
The defendant presented evidence that his only consumption of alcohol that morning was two drinks between 1 and 2 o’clock, which evidence, it is not disputed, entitled him to an instruction on the lesser included offense of operating a motor vehicle while his ability was impaired by the consumption of alcohol (Vehicle and Traffic Law § 1192 [1]). Defense counsel requested an instruction that the jury could consider the *179 lesser included offense not only if it found the defendant not guilty of the greater, but also if it could "not reach” or was "unable” to reach a verdict on the greater offense. The court denied the request, defense counsel excepted, and the court delivered the following charge:
"Now, under our law most crimes are possible of being separated into lesser included offenses, and under certain circumstances one charged with a certain crime may be convicted of the crime as charged or of a lesser included offense of the crime as charged. Consequently, you will consider the guilt or innocence of the defendant as to the charge of Driving While Impaired, but only if you have first found him to be not guilty of Driving While Intoxicated in accordance with the instructions I have given you.
"If you find that the People have established the guilt of the defendant as to Driving While Intoxicated beyond a reasonable doubt, it is your duty to find the defendant guilty of that crime without considering Driving While Impaired. You would not be justified in finding the defendant guilty of the lesser offense just because you felt that you would rather see some other disposition in the case or because you may dislike to do a disagreeable thing or because of any other reason. There is only one thing that justifies a verdict for a lesser offense, and that is that such lesser offense is established beyond a reasonable doubt and the higher offense is not so established.
"Consequently, you will consider Driving While Impaired only if you find the defendant not guilty of Driving While Intoxicated
* * *
"Your verdict must be unanimous. The same requirement of unanimity is required for you to acquit the defendant as well as to convict him. You must all degree [sic] together to reach either verdict.”
At the conclusion of the charge, defense counsel excepted "to the instruction including the lesser included offense”, but the court declined to amend its instructions. The jury found the defendant guilty of the greater offense of operating a motor vehicle while under the influence of alcohol as a felony, and the court imposed sentence. The defendant appealed to the Appellate Division, claiming the trial court’s instructions to the jury in conjunction with its submission of the lesser *180 included offense was erroneous.[1] That court rejected his contention and affirmed the judgment, and the defendant again appeals pursuant to leave granted by a Judge of this court.
Initially, we reject the People’s contention that we should not reach the alleged error in the instruction regarding the jury’s consideration of the lesser included offense because the jury found the defendant guilty of the greater, and thus had no occasion to consider the lesser, offense. Although, as we have noted, a "court should avoid doing anything * * * that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict” (People v Mussenden, 308 NY 558, 563), we have recognized, as a practical matter, that the availability of a lesser included offense may affect a jury’s deliberations. Thus, where a court charges the next lesser included offense of the crime alleged in the indictment, but refuses to charge lesser degrees than that, we have noted that the defendant’s conviction of the crime alleged in the indictment forecloses a challenge to the court’s refusal to charge the remote lesser included offenses. For example, in People v Richette (33 NY2d 42, 45-46), where the indictment charged grand larceny in the second degree, of which the defendant was ultimately convicted, and the court charged grand larceny in the third degree as a lesser included offense, but denied a defense request to charge petit larceny as a further lesser included offense, we noted: "Had the jury found the defendant guilty of grand larceny in its third degree, there might be some basis for his claim that he was prejudiced by the court’s refusal to charge petit larceny: it could be asserted that, had the instruction been given, the jury might have returned a verdict of guilt of petit larceny, the still lower degree of larceny. However — to paraphrase what this court wrote in People v. Brown (203 N. Y. 44, 51-52) — such speculations are dispelled by the fact that the defendant was actually found guilty of second degree larceny; when the jury excluded from the case the alternative of grand larceny in the third degree, 'all lower degrees were necessarily eliminated’. (See, also, People v. Granger, 187 N. Y. 67, 73; cf. People v. Reisman, 29 N Y 2d 278, 287-288 [cert denied 405 US 1041].)”
*181 In the present case, by analogy, although the issue is not the court’s refusal to submit a lesser included crime for the jury’s consideration but the nature in which such crime was presented, it appears that the jury’s finding the defendant guilty of the immediately higher crime could have been influenced by the transition instruction of which the defendant now complains, which would not be true had his complaint been about the way in which a more remote degree of crime were presented to the jury.
Having rejected the People’s claim, we now turn to the defendant’s.
In People v Willson (109 NY 345, 357), this court stated the rule regarding when a jury may consider a lesser included offense: "The defendant was charged in the indictment with murder in the first degree, and to that charge he pleaded, and for that charge he was put on trial, and all the evidence was directed to the issue joined upon that charge. It was the duty of the jury first to determine whether he was guilty of that charge or not. That was the primary subject to be investigated, and it was only after they found him not guilty upon that charge that they were authorized, under section 444 of the [former] Code of Criminal Procedure,[2] to find him guilty of any inferior degree of homicide.”
The present statute, CPL 300.50 (4) provides: "Whenever the court submits two or more offenses in the alternative pursuant to this section, it must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one. A verdict of guilty of any such offense is not deemed an acquittal of any lesser offense submitted, but is deemed an acquittal of every greater offense submitted.” Unlike its predecessor, CPL 300.50 (4) does not directly address the pivotal problem in this case. The Commission Staff Notes do not explain why different language was chosen when the Criminal Procedure Law was enacted (see, New York Consolidated Laws Service, Book 7B, CPL 300.50, at 536-537), nor do they indicate that any departure from the previous rule was intended. Indeed, we have noted, though in a somewhat different con *182 text, that "enactment of present CPL 300.50, although linguistically different from its statutory predecessors, was intended merely to reflect current judicial interpretation of the prior statute” (People v Scarborough, 49 NY2d 364, 369).
Additionally, approval of the "unable to agree” transition charge sought by the defendant would have a deleterious effect on the People, for whose benefit the option of the submission of a lesser included offense was originally created "to prevent the prosecution from failing where some element of the crime charged was not made out” (People v Murch, 263 NY 285, 291).[3] Under such a charge, the jury could convict a defendant of the lesser included offense without actually having found him not guilty of the greater. And, regardless of the jury’s actual findings or lack of findings regarding the greater offense, the defendant would be deemed not guilty of its commission (CPL 300.50 [4]), and a retrial on the greater offense would be barred under settled double jeopardy principles (Green v United States, 355 US 184, 190-191; People v Ressler, 17 NY2d 174, 179-181; Pitler, New York Criminal Practice under the CPL, at 667-668; see also, discussion at 1 CJI [NY] 14.04 p 745). However, as discussed above, established precedent suggests that a contrary policy should prevail: that the People should not be precluded from retrying a defendant on the greater offense unless a jury actually finds him innocent of that charge.
We are aware, of course, of recent Federal cases holding that a defendant is entitled to an "unable to agree” transition charge upon timely request (United States v Tsanas, 572 F2d 340 [2d Cir], cert denied 435 US 995; see also, United States v Roland, 748 F2d 1321 [2d Cir]; United States v Jackson, 726 F2d 1466 [9th Cir]; Pharr v Israel, 629 F2d 1278 [7th Cir] [dictum], cert denied 449 US 1088; cf. Catches v United States, 582 F2d 453 [8th Cir]). However, the Federal rule[4] upon which those cases are based does not, as does CPL 300.50 (4), automatically deem a conviction of a lesser offense an acquittal of the greater for double jeopardy purposes (though that will *183 usually be the result under the doctrine of implied acquittal [Green v United States, supra; 8A Moore’s Federal Practice U 31.03 (4)], and it has accordingly been noted that the application of the doctrine effectively enlarges the scope of a defendant’s double jeopardy rights [Ettinger, In Search of a Reasoned Approach to the Lesser Included Offense, 50 Brooklyn L Rev 191, 221, 223-224]).[5]
More importantly, however, we reject Tsanas (supra) and its progeny because they give insufficient weight to the principle that it is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged (People v Mussenden, 308 NY 558, 562, supra). It is no doubt true, as we have noted in the past, that in jury rooms, as well as all other deliberative bodies, some strong members are able to impress their will upon the weaker (People v De Lucia, 20 NY2d 275, 278); but acknowledgment of the imperfection of human nature is quite a different thing from the creation of an environment conducive to such behavior. For the same reason, we must reject the defendant’s contention that the Tsanas charge promotes efficient use of judicial resources by obviating the need for protracted deliberations when a jury becomes deadlocked on the top count by providing a lesser included offense upon which a compromise can be reached.
In the present case, the trial court’s rejection of the defendant’s request to charge, and its instruction to the jury to consider the lesser included offense only upon reaching a unanimous verdict of not guilty of the greater, were correct.[6] *184 Accordingly, the order of the Appellate Division should be affirmed.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.

.The Appellate Division found the defendant’s other contentions either unpreserved for review or without merit, and did not discuss them. We agree with that coürt, and also reject without discussion the defendant’s remaining assignments of error.

.Section 444 of the former Code of Criminal Procedure provided in relevant part: "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto”.

.It is now recognized that the availability of a lesser included offense may be advantageous to the defendant, as well (e.g., People v Mussenden, 308 NY 558, 562).

.That rule is Federal Rules of Criminal Procedure, rule 31 (c), which provides: "(c) Conviction of less [sic] offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.”

.Other courts have also rejected the "unable to agree” option for transition charges for various reasons. Examples are State v Wussler (139 Ariz 428, 679 P2d 74, 76 [collecting cases]) and Dresnek v State (697 P2d 1059 [Alaska App], affd on opn below 718 P2d 156 [Alaska]). In addition, though its courts apparently have not yet addressed the issue, the California Jury Instructions — Criminad (4th ed) also require a unanimous verdict of not guilty of the greater crime before the jury may consider any lesser included offense (see, CALJIC 17.10 [1984 rev], supp at 66; CALJIC 17.12 [1984 rev], supp at 69 ["you must unanimously agree that the defendant is not guilty of the greater offense before you may find the defendant guilty or not guilty of any lesser offense. If you are not able to unanimously agree on the greater offense, your foreman shall report such fact to the court”]).

.People v Baker (109 AD2d 348) and Matter of Kitt v Haft (99 AD2d 942, appeal dismissed 63 NY2d 677, lv denied 63 NY2d 606), to the extent that their holdings are inconsistent with this decision, as well as so much of the instruction in 1 CJI (NY) 14.05 as gives the defendant the "unable to agree” transition charge option, are disapproved.