■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORGAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered July 8, 1986, convicting him of criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726), and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Rockland County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the Sheriff of Rockland County pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Rockland County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury. No questions of fact have been raised or considered.

The defendant was indicted for criminal mischief in the third degree. At trial, over the defendant's objection, criminal mischief in the fourth degree was submitted to the jury as a lesser included offense of the crime charged *(see,* CPL 300.50 [1]). In its charge to the jury, the trial court initially instructed the jury that it was to first consider the charge of criminal mischief in the third degree and if it found defendant not guilty of that charge "to move to the misdemeanor charge of criminal mischief in the fourth degree". On the second day of deliberations, the jury reported it was hopelessly dead-

locked. The court directed it to continue deliberations and instructed it concerning the difference between criminal mischief in the third and fourth degrees, noting that the latter is a misdemeanor. By a later note, the jury requested an instruction with respect to the difference between a felony and a misdemeanor but the court instructed it that those were factors not properly within its consideration when arriving at a verdict. Later that evening, the jury again reported by note that it was deadlocked and that "if we discuss the case for three more weeks we'll not come to an agreement".

In the middle of the third day of deliberations, the jury again advised that it was hopelessly deadlocked, and that it had "discussed [the case] ad nauseum", and it requested that "this jury be dismissed". Over defense counsel's objection, the court then instructed the jury:

"Again I want to say I am not unmindful of the fact that you have sent me three notes indicating you are at an impass *[sic]*. I am going to give you further instructions. I want you to listen very, very carefully to these instructions. Listen close to this instruction please. Everybody listen.

"I note that in my previous instructions to you you were advised to consider the lesser charge of criminal mischief in the fourth degree only in the event you reached a verdict of not guilty with respect to the charge of criminal mischief in the third degree. * * *.

"If after reasonable efforts you are unable to reach a verdict on the charge of criminal mischief in the third degree you may then turn your attention to the lesser charge of criminal mischief in the fourth degree. Should you reach a verdict on the charge of criminal mischief in the fourth degree you should deliberate no further and report your verdict to the court."

Five minutes later, the jury reported it had reached a unanimous verdict of guilty on the lesser charge of criminal mischief in the fourth degree.

While it is generally the People who are aggrieved by a "transition charge" such as the one given to the jury just before it returned a verdict in this case *(see, People v Boettcher,* 69 NY2d 174, 182; *see also, People v York,* 133 AD2d 130, 133), given the context of the prior instructions and in light of the timing of the transition charge, there can be little doubt that the court extended an invitation to the jury to reach a compromise verdict, an invitation which the jury hurriedly accepted *(cf., People v Boettcher, supra,* at 180).

Inasmuch as there is a societal interest in not having juries render compromised verdicts *(see, People v Nieves,* 136 AD2d 250, 258; *cf., People v Boettcher, supra)* reversal is mandated. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.