■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HAYDEN, Appellant.—Judgment of the Supreme Court,

New York County (Alfred H. Kleiman, J.), rendered April 15, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of 10 to 20 years, unanimously affirmed.

The defendant stabbed the deceased, Thomas Peters, after a traffic altercation. The victim's car had been blocking defendant's car, and an exchange of words degenerated into physical violence as Peters smashed defendant's car window, and while trying to pull defendant through the window, succeeded in ripping off part of defendant's shirt. The People's witnesses testified that defendant then ran into a nearby bakery and exited with a butcher knife with which he stabbed Peters in the chest as Peters sat in his own car. Medical evidence established that Peters had been stabbed only once. Defendant's witnesses testified, essentially, that Peters had provoked the entire altercation, which escalated into two men beating defendant, and chasing him into the bakery. When defendant emerged, they jumped him again, a knife appeared, and as all three men struggled for the knife, Peters collapsed. Defendant's witnesses also testified to cuts on defendant's arm and face, and a cut from broken glass on the leg of defendant's female passenger.

At the trial, defendant submitted a justification defense under Penal Law § 35.15 (2) which was rejected by the jury which apparently concluded from the evidence that defendant did not reasonably believe that he was opposed by deadly physical force, and that even if he did, he could have safely retreated without the necessity of using deadly physical force himself (Penal Law § 35.15 [2] [a]). It is the jury's role to resolve such conflicts in the testimony and to judge credibility *(People v Kennedy,* 47 NY2d 196, 201). We do not disturb those findings on this appeal. Nor was it error to submit manslaughter in the first degree as a lesser included offense of intentional murder in the second degree. A reasonable view of the evidence supported a finding that the defendant committed the lesser offense without the greater offense (CPL 300.50 [1]; *see, People v Glover,* 57 NY2d 61, 63-64; *People v Scarborough,* 49 NY2d 364, 371). It is significant that defendant stabbed Peters only once, rather than repeatedly. The evidence supports the conclusion that defendant intended to seriously physically injure, rather than kill, decedent *(see, e.g., People v Butler,* 57 NY2d 664, *revg* 86 AD2d 811). Defendant has failed to preserve, as a matter of law, his challenge to the court's supplemental instruction (CPL 470.05 [2]; *People v Thomas,* 50

NY2d 467), and reversal in the interest of justice is not warranted. The court properly instructed the jury in its main charge to consider the charges of murder in the second degree and in the alternative manslaughter in the first degree, and not to deliver a verdict on the lesser offense until a verdict had been delivered on the greater offense (see, People v Boettcher, 69 NY2d 174). We find that the supplemental instruction and the court's decision not to answer a hypothetical question contained in a jury note, however, did not undermine the court's instructions as to alternative verdicts as given in the main charge. We conclude that the jury was not misled or encouraged to reach a compromise verdict.

Defendant's adjudication as a second felony offender, which was predicated on a Federal conviction, was unchallenged at the time of sentencing and we decline to review it in the interest of justice (People v Smith, 73 NY2d 961). Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.