■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RUCCO, Appellant.—Judgment of the Supreme Court, Bronx County (Antonio Brandveen, J.), rendered July 7, 1989, convicting defendant, after a jury trial, of burglary in the second degree and two counts of sexual abuse in the first degree and sentencing him to concurrent indeterminate terms of 7½ to 15 years and 3½ to 7 years (two terms), respectively, unanimously affirmed.

The victim's coherent, credible, and comprehensive testimony supports the verdict. *(People v Bleakley,* 69 NY2d 490.) The complainant testified that she was awakened at the sound

of her doorbell and opened it because she thought that the person who identified himself as "Joe" was a security guard with whom she had previously had a relationship. Instead, defendant, another guard, was at the door, and he forced his way inside. The victim testified that she could read the nameplate that defendant was wearing on his uniform.

Defendant's argument that he could not have committed the crime because his employer did not supply uniform nameplates was a matter to be resolved by the jury, and in our view does not raise a reasonable doubt, especially in light of the victim's certain identification of defendant and the proof of his opportunity to commit the crime. Moreover, while the victim's testimony was not free from inconsistencies, defendant has not established that the jury did not apply the facts to the law as charged. (Cf., People v Boettcher, 69 NY2d 174.)

Defendant's acquittal on the attempted rape charge was not a bar to his conviction under the burglary count. After the court singled out rape as the underlying crime, the trial assistant was obligated to prove that very intent because the court's charge became the law of the case. However, there is ample proof in the record of defendant's intent to commit a rape, and the jury, as charged, was permitted to find defendant guilty of the burglary, but not of the attempted rape. (People v Tucker, 55 NY2d 1, 7, n 4.) Defendant's acquittal on the attempted rape did not necessarily negate the "intent to commit rape" element of the burglary charge.

Defendant also fails to show that the prosecutor committed reversible error in summation. Most of his claims of error have not been preserved for review, and the trial assistant's characterization of the victim's motivation for testifying was directly responsive to counsel's claim that the victim's account was incredible.

Defendant also claims that the prosecutor had no basis to ask a defense witness whether defendant had been discharged, but any error was cured by the court's prompt instructions. Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ.