[666 NYS2d 581]

In the Matter of ROBERT M. MORGENTHAU, as District Attorney of New York County, Petitioner, v IRA F. BEAL, Respondent. TROY JOHNSON, Intervenor.

First Department, December 11, 1997

APPEARANCES OF COUNSEL

*Gina Mignola* of counsel *(Alan Gadlin* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), petitioner *pro se.*

*David N. Dorfman* for respondent.

*Richard Joselson* of counsel *(Daniel L. Greenberg,* attorney), for intervenor.

## OPINION OF THE COURT

Per Curiam.

In this proceeding pursuant to CPLR article 78, the petitioner, the New York County District Attorney, seeks an order and judgment prohibiting the respondent, Honorable Ira F. Beal, from enforcing an order dated March 27, 1997, by which the respondent vacated his prior declaration of a mistrial, in the matter of *People v Troy Johnson* (NY County indictment No. 3322/96) and, two months after discharging the jury, accepted the jury's verdict on the first count of the indictment, in which the jury found the defendant guilty of the lesser included offense of criminal trespass in the second degree rendered without first rendering a verdict on burglary in the second degree, the greater offense charged under said count. The defendant in the underlying action, Troy Johnson (hereinafter defendant), seeks permission to intervene in this article 78 proceeding. For the reasons stated below, both the petition and the motion are granted.

The defendant was charged with burglary in the second degree, possession of burglar's tools and criminal mischief in the fourth degree. The respondent was the Trial Judge. The case was submitted to the jury on January 13, 1997. Under the first count of the indictment, the court submitted the crimes of burglary in the second degree and the lesser included offense of criminal trespass in the second degree. The court instructed the jury that it could consider the lesser included offense *only* if it found the defendant not guilty of the greater offense.

On January 14, the jury found the defendant guilty of the second and third counts of the indictment. It was unable to reach a verdict as to the burglary count, but nonetheless (contrary to the court's instructions) went on to consider the lesser included offense and found the defendant guilty of criminal trespass. As there was no reasonable probability that the jury would be able to agree on the burglary verdict, the prosecutor pressed for a mistrial as to that count.[1] Defense counsel asked the court to accept the jury's verdict convicting the defendant of the lesser included offense (with the result that he could not be tried again on the burglary count).

The court believed that the jury's verdict on the lesser included offense was "a legal nullity" because it did not have the power to reach this question unless it acquitted the defendant of the greater offense with which he was charged. The court declared a mistrial as to the first count and discharged the jury.

Thereafter, the People expressed their intention to retry the defendant on the burglary count. In his February 21, 1997 motion to bar retrial, the defendant moved for "reinstatement of the verdict of guilty of trespass in the second degree" with respect to count one of the indictment, or in the alternative, an order barring retrial of the defendant on double jeopardy grounds.

In an order dated March 27, 1997, the respondent Justice concluded that he was constrained by CPL 300.50 (4)[2] to agree with the defendant and grant the relief requested in the defendant's first argument—vacatur of the declaration of a mistrial and acceptance of the criminal trespass verdict. The respondent specifically declined to reach the defendant's second point in which it was argued that under any view of the circumstances, retrial of the defendant was barred by double jeopardy.

---

1. As this is not a direct appeal from the judgment of conviction, the validity of his conviction on the second and third counts is not in dispute herein.

2. CPL 300.50 (4) provides: "Whenever the court submits two or more offenses in the alternative pursuant to this section, it must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one. A verdict of guilty of any such offense is not deemed an acquittal of any lesser offense submitted, but is deemed an acquittal of every greater offense submitted."

## Defendant's Motion to Intervene

Pursuant to CPLR 1012 (a) (2), a person may intervene as of right when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment. The defendant will clearly be bound by any judgment that this Court may issue concerning the People's ability to retry him on the burglary count. Neither party to this proceeding adequately represents his interests. Therefore, his motion to intervene is granted.

## Merits of the Petition

Under CPL 310.70 (1), if a deliberating jury declares that it has reached a verdict with respect to one or more but not all of the offenses submitted to it, the court must either (1) terminate deliberation and order the jury to render a partial verdict, if the possibility of ultimate agreement with respect to the other submitted offenses is so small that if the unresolved offenses were the only offenses under consideration the court would be authorized to discharge the jury under CPL 310.60 (1) (a);[3] or (2) if there is a reasonable possibility of agreement upon any of the unresolved offenses, order the jury to render a partial verdict and either (a) accept the partial verdict and order the jury to resume deliberation on the unresolved offenses or (b) reject the partial verdict and order the jury to resume deliberation on the entire case.

In the present case, the court was satisfied that the jury had deliberated at length and could not agree on the burglary count. However, there was no irregularity about its verdicts on the other two counts. Rather than rejecting the partial verdict and sending the entire case back, the court properly exercised its discretion to accept the partial verdict, discharge the jury and declare a mistrial as to the first count. This decision was within its power under CPL 310.70.

Where circumstances compel a court to declare a mistrial with respect to an unresolved offense and discharge the jury, double jeopardy does not bar retrial of the defendant for the unresolved count of the indictment (*Matter of Plummer v Rothwax*, 63 NY2d 243, 250-252).

This case is made more complicated by the fact that the jury purported to reach a verdict on the first count by finding the

---

3. CPL 310.60 (1) (a) provides that a deliberating jury may be discharged without rendering a verdict if it has deliberated for an extensive period of time without agreeing upon a verdict and the court is satisfied that any such agreement is unlikely within a reasonable time.

defendant guilty of the lesser included offense. It is not clear at first glance whether the jury's purported verdict should be deemed an acquittal as to the greater offense. However, the most reasonable interpretation of the relevant statutes is that it should not.

Both CPL 300.50 (4) and 300.40 (3) (b) provide in pertinent part that a verdict of guilty on a lesser included count is deemed an acquittal of every greater offense submitted. The question here, not specifically addressed by these statutes, is whether a guilty verdict on the lesser included count operates as an acquittal of the greater offense even when the jury was explicitly unable to agree on the greater offense.

Though the literal language of these statutes could be read this way, such a reading would contradict CPL 300.30 (1) and 300.40 (3) (b), which require that the lesser included offense be considered only as an alternative *after* the jury has acquitted the defendant of the greater offense. In other words, the statutory scheme as a whole gives the jury power to consider the lesser offense only after it actually reaches a "not guilty" verdict on the greater one. The respondent's interpretation would allow the defense to imply an acquittal on the unresolved count even though, under CPL 300.30 (1), a jury that was deadlocked on the charged offense had no power to reach the lesser included count in the first place. We think the Legislature could not have intended this (*People v Boettcher*, 69 NY2d 174, 182 [notwithstanding broad language of CPL 300.50 (4), the People are not precluded from retrying a defendant on the greater offense unless a jury actually finds the defendant not guilty of that charge]). The respondent therefore erred in concluding that CPL 300.50 (4) required him to vacate his prior declaration of a mistrial.

Furthermore, even aside from his misinterpretation of the substantive law, the respondent lacked the power to reopen the trial and accept the jury's verdict after he had discharged the jurors. Discharge of the jury terminates the trial (*People v Dawkins*, 82 NY2d 226, 230). Once the trial has been terminated, the Judge's power to correct the record only extends to ministerial acts, and does not extend to substantive reassessments of the jury's verdict (*People v Carter*, 63 NY2d 530, 538). The court's March 27, 1997 order vacating the mistrial exceeded its authority, and therefore article 78 relief in the nature of prohibition to prevent enforcement of the order is warranted.

■ The defendant-intervenor argues that the court's termination of the trial herein, without first specifically adhering to

CPL 310.50 and honoring the defense counsel's request that the jury be instructed regarding the defect in its verdict and required to deliberate further, prevents a finding that the trial was terminated by manifest necessity, and therefore bars retrial on double jeopardy grounds. This argument is unpersuasive since the record herein reflects that the termination of deliberations was occasioned by jury deadlock. The court sufficiently demonstrated during its colloquy with the foreperson and its general questions to the jury that there was no reasonable probability that the panel could reach a verdict on the second-degree burglary count within a reasonable time. Thus, the court's determination to end the trial should be viewed as a proper exercise of its discretion based upon manifest necessity (*see, People v Baptiste*, 72 NY2d 356).

■ Finally, it is submitted that the defendant's argument that the judgment of conviction may not be vacated after the defendant has begun serving his sentence is without merit. The defendant relies upon cases such as *Matter of Kisloff v Covington* (73 NY2d 445), which deal with the power of the Supreme Court to vacate its own judgment after a defendant has begun to serve his sentence. Those cases have no application here where the judgment of conviction in question was rendered in excess of the court's authority. In the current proceeding, this Court is clearly authorized to vacate the judgment and remand the matter for further proceedings on the indictment (*Matter of Gribetz v Edelstein*, 90 AD2d 529, 530 [2d Dept 1982]).

Accordingly, the defendant's motion to intervene and the relief requested in the petition for a writ of prohibition should be granted.

SULLIVAN, J. P., ROSENBERGER, ELLERIN and NARDELLI, JJ., concur.

Application for an order pursuant to CPLR article 78 granted, without costs or disbursements. Motion to intervene granted.