■ In the Matter of ROBERT M. MORGENTHAU, Petitioner, v JAMES A. YATES et al., Respondents. [692 NYS2d 315] —The application pursuant to CPLR article 78 in the nature of prohibition and mandamus seeking, *inter alia*, retrial of a count of an indictment, unanimously denied, and the petition dismissed, without costs.

Petitioner essentially seeks review of the trial court's order entered September 16, 1998, which dismissed a count upon which the jury in the underlying trial failed to reach a verdict. Such an order is appealable by the People (CPL 450.20 [1]) and, as such, is not the proper subject of an article 78 proceeding.

If we were to reach the merits, however, we would conclude

that the trial court's erroneous refusal to give an "acquittal-first" instruction requiring that the lesser-included offense be considered only as an alternative after an acquittal of the greater offense was improper (*People v Boettcher*, 69 NY2d 174). The jury sent a note to respondent Justice asserting that it was unable to agree on the more serious charge, and asking if it could find the defendant guilty on a lesser charge, even though most members of the jury were convinced of guilt on the higher charge. The defendant was charged with murder in the second degree (depraved indifference) and manslaughter in the first degree (intent to cause serious physical injury) for the strangulation death of his live-in companion Diane Murray. Before the case was submitted, the Justice determined to submit the charged crimes in the alternative and to submit manslaughter in the second degree (reckless disregard of a substantial risk that causes death) and criminally negligent homicide (negligent failure to perceive the risk of death from an action) as lesser included offenses. While the prosecutor expressly requested that the Judge instruct the jurors, in accordance with *People v Boettcher* (69 NY2d 174, *supra*), that they must be unanimous to acquit of a greater offense before they go on to the next charge, the respondent Justice refused to so instruct the jury. Instead, he charged the jury that it was being asked to consider the charges in the alternative and that it could find the defendant guilty of any one, but no more than one, of the four charges, or not guilty of all four. As noted, when the jury specifically asked if it should find the defendant guilty on a lesser charge *before* coming to an agreement on a greater charge, the respondent Justice repeated his instruction to the jury that it could consider the charges in "any particular order" and if it found the defendant guilty of a lesser charge, this would be "deemed an acquittal of the higher charges." The respondent Justice concluded that he was not required to "follow the dicta of *Boettcher*." He further distinguished the clear holding of *Matter of Morgenthau v Beal* (236 AD2d 194, *lv dismissed* 92 NY2d 813) by claiming it applied *only* where the jury had been given a *Boettcher* charge. In *Beal*, we found that "CPL 300.30 (1) and 300.40 (3) (b) * * * require that the lesser included offense be considered only as an alternative after the jury has acquitted the defendant of the greater offense. In other words, the statutory scheme as a whole gives the jury power to consider the lesser offense only after it actually reaches a 'not guilty' verdict on the greater one" (236 AD2d, *supra,* at 199). Because of this instruction, the jury advised the court that it had a unanimous verdict on only one charge and respondent Justice accepted the jury's partial verdict of guilty with respect to the charge of criminally negligent homicide.

Thereafter, in response to a motion by the prosecutor requesting that the Judge order a retrial on the three counts on which the jury had been unable to reach a verdict or, alternatively, to order a retrial on the first degree manslaughter charge alone, the respondent refused to order a retrial. Once again, respondent Justice concluded he had not been required to charge the jury in accordance with *People v Boettcher* (*supra*), and therefore, having so declined to charge the jury, he was not required by *Matter of Morgenthau v Beal* (*supra*) to order a retrial on the greater offenses.

The respondent Justice erred in his interpretation of the law and the unmistakable holding of *Boettcher*, and disregarded the clear mandate and direction of the Court of Appeals and this Court. Moreover, the jury sent a note to the court indicating that one of the jurors had not demonstrated "consistent well reasoned arguments." Both the defendant and the People then asked the respondent Justice to declare a mistrial. However, the jury was allowed to continue deliberating.

Nevertheless, the error would not entitle the People to any remedy. Since the jury convicted the defendant of the lesser included offense, the defendant is deemed not guilty of the greater offense (CPL 300.50 [4]) and a retrial on the greater offense is barred under settled double jeopardy principles (*People v Boettcher, supra,* at 182; *Green v United States,* 355 US 184, 190-191). Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.