■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANSELMO HELLIGER, Defendant-Respondent. [712 NYS2d 116] —Order, Supreme Court, New York County (James Yates, J.), entered on or about September 16, 1998, which, *inter alia*, dismissed the count of the indictment charging defendant with manslaughter in the first degree after the jury was unable to reach a verdict on that count, affirmed.

As we indicated in an earlier decision in a related CPLR article 78 proceeding (*Matter of Morgenthau v Yates*, 262 AD2d 83, *appeal dismissed* 93 NY2d 1039), although the court erred in refusing to give an instruction that lesser included offenses be considered only as an alternative after an acquittal of the greater offense (*People v Boettcher*, 69 NY2d 174), such error did not entitle the People to a retrial on the higher count of manslaughter in the first degree on which the jury was unable to reach a verdict. Defendant was convicted of criminally negligent homicide, which was a lesser included offense of man-

slaughter in the first degree in that it involved causation of the same result with a less culpable mental state (*see, People v Stallings*, 128 AD2d 908, 910; *People v Hoy*, 122 AD2d 618). Therefore, the conviction of criminally negligent homicide is deemed an acquittal of manslaughter in the first degree (CPL 300.50 [4]), and "retrial on the greater offense would be barred under settled double jeopardy principles" (*People v Boettcher*, 69 NY2d 174, 182, *supra*, citing *Green v United States*, 355 US 184, 190-191). Concur—Rosenberger, J. P., Nardelli and Saxe, JJ.

Andrias and Buckley, JJ., concur in a memorandum by Andrias, J., as follows: I agree with the logic of the District Attorney's argument that he should be able to retry defendant on the charge of manslaughter in the first degree (intent to cause serious physical injury) because a conviction thereon would not necessarily be inconsistent with defendant's conviction of criminally negligent homicide (negligently causing death), which was submitted as a lesser offense of murder in the second degree (depraved indifference). The intended *result* in the first degree manslaughter charge is not death but the infliction of injury; the result in the criminally negligent charge is death. Thus, one could simultaneously have these two different mental states with respect to these two different results.

Nevertheless, I am not convinced, as the People urge, that *People v Trappier* (87 NY2d 55) undercuts the holding of *People v Robinson* (145 AD2d 184, *affd for reasons stated by Dillon, P. J., at App Div* 75 NY2d 879), which would seem to indicate that where the result of death was the consequence of both counts, the defendant could not be convicted of both charges.

Accordingly, solely upon constraint of *People v Robinson* (*supra*), I would affirm.