■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL McKINNEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered July 28, 1986, convicting him of sodomy in the first degree (three counts), sexual abuse in the first degree (three counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant argues that the court's failure to grant a third adjournment to secure the testimony of a defense witness denied him his right to a fair trial. We disagree.

The granting of an adjournment is a matter of discretion for the court *(see, People v Singleton,* 41 NY2d 402). The court should, however, be receptive to a request for a "short adjournment" for the purpose of obtaining a material witness where the witness is identified to the court and can be found within the jurisdiction, and the movant demonstrates some diligence and good faith *(see, People v Foy,* 32 NY2d 473, 478).

In this case, the court had granted previous adjournments for the purpose of securing the defendant's witness. We find that, under the circumstances of this case, the court's refusal to grant an additional adjournment was not an improvident exercise of discretion *(see, People v Singleton, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.