■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN PIERRE LOUIS, Appellant. [596 NYS2d 104] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Juviler, J.), rendered February 28, 1990, convicting him of murder in the second degree, attempted murder in the second degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision that certain of the sentences shall run consecutively and substituting therefor a provision that all of the sentences shall run concurrently with one another; as so modified, the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of a fair trial by the introduction of evidence that his nickname was "Psycho". Since several of the People's eyewitnesses were first introduced to the defendant on the night of

the crime under this name, its uniqueness made it highly probative on the question of these individuals' later ability to identify the defendant as the shooter. Whatever prejudicial effect the evidence in question may have had on the defendant was substantially outweighed by its probative value *(see, People v Scarola,* 71 NY2d 769, 777). Furthermore, the court provided clear limiting instructions as to the use of this evidence.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence was excessive to the extent indicated.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.