■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY BRANTLEY, Appellant. [618 NYS2d 342] —Judgment of Supreme Court, New York County (James Leff, J.), rendered March 8, 1993, by which defendant was convicted, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and sentenced to concurrent terms of 15 years to life, 7½ to 15 years and 3½ to 7 years, respectively, unanimously reversed, on the law and the facts, and the matter is remanded for a de novo *Mapp/Huntley* suppression hearing and a new trial. The appeal from the order of the same court and Justice entered December 20, 1993, which denied defendant's motion to vacate the aforementioned judgment pursuant to CPL 440.10, is dismissed as moot.

There is no question that reckless manslaughter (Penal Law § 125.15 [1]) is a lesser included offense of intentional murder *(People v Green,* 56 NY2d 427; *People v Murray,* 40 NY2d 327, 335, *cert denied* 430 US 948). Thus, where there is a reasonable view of the evidence, when considered favorably to the defendant *(see, People v Shuman,* 37 NY2d 302, 304), that would have permitted a finding that defendant acted recklessly, the court is required to submit the lesser included offense to the jury *(People v Green, supra,* at 434; *People v Glover,* 57 NY2d 61, 63). Upon our review of the record, we conclude that the evidence of the quantity of alcohol the defendant consumed during the afternoon before the crime,

and the evidence that he was continuing to drink just before the shooting, was sufficient to require that the court charge the jury to consider manslaughter in the second degree as a lesser included offense of intentional murder as requested by defense counsel *(People v Costello,* 73 AD2d 901, 902). We note that pursuant to *People v Rodriguez* (76 NY2d 918) a charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis. "The charge may also be warranted if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent" *(supra,* at 920). Thus, it was inconsistent for the court in this case to have charged the jury generally on intoxication and then to have refused to charge a lesser included offense in which the element of intent is negated. The fact that the trial court charged manslaughter in the first degree does not render the failure to charge reckless manslaughter harmless *(see, People v Lee,* 35 NY2d 826 [wherein the Court held it was reversible error to refuse to charge manslaughter in the second degree where manslaughter in the first degree was charged as a lesser included offense of intentional murder]).

The People concede, on constraint of *People v Banch* (80 NY2d 610), that their belated disclosure of *Rosario* material relative to the *Mapp/Huntley* suppression hearing requires that defendant be afforded a de novo hearing on his suppression motion. We agree and direct that a new hearing be held accordingly.

In view of the findings that the conviction must be reversed based upon the charge error, and that a de novo suppression hearing is required as well, there is no need to reach the other claims raised by the defendant on the appeal. The defendant's appeal from the denial of his CPL 440.10 motion is accordingly dismissed as moot in view of the disposition of the direct appeal. Concur—Carro, J. P., Wallach, Kupferman, Ross and Williams, JJ.