OPINION OF THE COURT
 

 Simons, J.
 

 During an altercation in a parking lot, defendant shot Revaine Pratt with a shotgun, causing Pratt’s death. Defendant was charged in a two-count indictment for intentional murder (Penal Law § 125.25 [1]) and reckless murder under circumstances evincing a depraved indifference to human life (Penal Law § 125.25 [2]). For each of the murder counts, a lesser included offense was submitted to the jury — manslaughter in the first degree (Penal Law § 125.20 [1]) was submitted as a lesser included offense of intentional murder; manslaughter in the second degree (Penal Law § 125.15 [1]) was submitted as a lesser included offense of depraved mind murder.
 

 Defendant requested that the jury be instructed to consider the intentional murder count and its lesser included offense before going on to consider the second count of depraved mind murder. In accordance with the People’s request, however, the court instructed the jury to consider the charges in the following order: intentional murder under the first count; if not guilty, then depraved mind murder under the second count; if not guilty, then manslaughter in the first degree under the first count; and, if not guilty, then manslaughter in the second degree under the second count. The court instructed the jury that it should cease deliberations upon finding defendant guilty of one of the crimes submitted. The jury found defendant not guilty of intentional murder, but guilty of depraved mind murder, at which point the jury ceased its deliberations and returned with its verdict. The Appellate Division has affirmed the judgment entered on the verdict.
 

 
 *360
 
 Counts one and two (and their respective lesser included offenses) are inconsistent counts and defendant acknowledges that the court properly instructed the jury to consider them in the alternative
 
 (see, People v Gallagher,
 
 69 NY2d 525; CPL 300.30 [5]). He contends error was committed, however, when the court instructed the jury to "blend” its consideration of the inconsistent counts by "jumping back and forth” between them.
 

 CPL 300.30 (1) defines "submission of a count of an indictment” as submission in the alternative of the count charged
 
 and
 
 any lesser included offenses. Section 300.10 (4) requires the court to submit to the jury the counts and offenses to be considered, to define each offense, and to instruct the jury to render a verdict upon each count. Defendant contends that because these provisions address the "count” of the indictment as a whole for the purposes of
 
 submission
 
 of charges to the jury and rendition of the jury’s verdict, the jury must
 
 consider
 
 the various greater and lesser offenses of each count as a whole. Nothing contained in article 300 of the Criminal Procedure Law, however, directs the order in which the jury should consider the various offenses submitted to it. Its provisions neither authorize nor proscribe the manner in which the jury here was instructed to consider the inconsistent greater and lesser included offenses and we conclude the jury could permissibly consider the offenses in alternating order during their deliberations.
 

 Sanctioning the procedure used by the court in this case also avoids a possible miscarriage of justice. If the jury must consider and render a verdict on every offense submitted under the first count before considering any other count, it could find defendant guilty of manslaughter as a lesser included offense under the first count submitted, before reaching the inconsistent offense of depraved mind murder under the second count. It could be forced to convict defendant of a lesser crime than his conduct actually warranted. In the context of inconsistent counts, the jury’s consideration of first the greater and then the lesser offenses properly allows the jury to consider the offenses in decreasing levels of culpability. That procedure allows a realistic accommodation between the rule requiring the trial court to submit a lesser included offense upon defendant’s request where a reasonable view of the evidence would support it
 
 (see,
 
 CPL 300.50 [2]), the rule requiring that the inconsistent counts be considered in the alternative (CPL 300.30 [5];
 
 see, People v Gallagher,
 
 69 NY2d 525,
 
 supra),
 
 and the fundamental
 
 *361
 
 principle that the jury should be permitted to render a verdict that fully reflects defendant’s culpability. We have previously acknowledged the propriety of the jury’s consideration of the offenses in this manner (see,
 
 People v Harrison,
 
 85 NY2d 891, 894;
 
 and see, People v Rogers,
 
 166 AD2d 23, 26-27,
 
 lv denied
 
 78 NY2d 1129).
 

 We also reject defendant’s contention that Penal Law § 125.25 (2), the statute under which he was convicted, is unconstitutionally vague. In
 
 People v Cole
 
 (85 NY2d 990), we upheld Penal Law § 125.25 (4) against a vagueness challenge, noting that conduct with depraved indifference to human life is well understood
 
 (id.,
 
 at 992;
 
 see also, People v Poplis,
 
 30 NY2d 85, 88). No different result follows when the offense is applied in the context of reckless conduct directed at an adult rather than a child.
 

 Finally, defendant contends that the court erred in failing to submit manslaughter in the second degree as a lesser included offense under the intentional murder count. Having found defendant guilty of reckless murder the jury did not reach the offense of manslaughter in the first degree, and thus we need not decide whether the court erred in failing to submit the more remote offense of manslaughter in the second degree
 
 (see, People v Boettcher,
 
 69 NY2d 174, 180-181).
 

 Defendant’s remaining contention is not preserved.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.