■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GREENWALD, Appellant. [654 NYS2d 663] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 29, 1991, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we discern no basis in the record to disturb the jury's finding that he intentionally caused the death of one victim and attempted to intentionally cause the death of the other victim. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's challenge to the court's refusal to charge manslaughter in the second degree as a lesser-included offense of intentional murder is foreclosed by reason of the jury verdict convicting him of the murder count charged in the indictment and its implicit rejection of the lesser-included offense of manslaughter in the first degree which had been submitted to it (*see, People v Boettcher*, 69 NY2d 174, 180; *People v Saunders*, 225 AD2d 1042).

Those challenges to the admissibility of certain statements which the defendant has preserved for appellate review are without merit. Moreover, the defendant has failed to preserve for appellate review his contention that certain inculpatory statements made by him should have been suppressed because they were part of a single, continuous episode of interrogation which was unlawful from its inception (*see,* CPL 470.05 [2]; *People v Kern*, 149 AD2d 187, 219, *affd* 75 NY2d 638), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.