■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY GILLETTE, Appellant. [680 NYS2d 207] —Judgment,

Supreme Court, New York County (Harold Rothwax, J.), rendered June 21, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Since defendant was convicted of assault in the first degree on the theory of "depraved indifference" (Penal Law § 120.10 [3]) but was acquitted of the crimes of attempted murder in the second degree and assault in the first degree on the theory of intent to cause serious physical injury (Penal Law § 120.10 [1]), the court's erroneous submission to the jury of assault in the second degree (Penal Law § 120.05 [4]) as a lesser included offense under the count of assault in the first degree under the "depraved indifference" count instead of the "intent" count was harmless error (*see, People v Green*, 56 NY2d 427, 435). Contrary to defendant's suggestion, he was not entitled to have the counts submitted in an order that might lead the jury "to convict defendant of a lesser crime than his conduct actually warranted" (*People v Johnson*, 87 NY2d 357, 360).

The court properly exercised its discretion in denying defendant permission to call a detective in sur-rebuttal. The circumstances of the witness's purported prior inconsistent statement made to this detective were exhaustively explored, and the detective's testimony would have added nothing. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.