■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART KOVACS, Appellant. [682 NYS2d 47] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered February 3, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the murder of his wife. Although the defendant reported his wife's death to the police as a suicide, at trial the prosecution presented medical and forensic evidence to support its theory that the defendant pushed the victim over the second-floor railing of their home, and then doused her body with a container of octane booster.

On appeal, the defendant contends that the evidence adduced at trial was legally insufficient to prove his guilt of murder in the second degree beyond a reasonable doubt. We disagree. Although the proof of the defendant's guilt was primarily circumstantial, circumstantial evidence "is not a disfavored form of proof and, in fact, may be stronger than direct evidence" (*People v Geraci,* 85 NY2d 359, 369). The People presented extensive expert testimony to establish that the victim's death was not a suicide or a result of an accident, as well as

testimony which indicated that the defendant had a motive to kill his wife. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

In addition, we reject the defendant's claim that he was deprived of a fair trial because his children were permitted to testify about a prior incident when he damaged a photograph of his wife, plunged a knife into her bed, and instructed his son to find his mother and warn her that she would be killed if she came home. Contrary to the defendant's contention, this was evidence of prior domestic violence aimed at the victim, which was properly admitted to establish the defendant's motive and to rebut his defense that the victim committed suicide (*see, People v Molineux,* 168 NY 264, 291-293; *People v Johnson,* 213 AD2d 675; *People v Rolf,* 185 AD2d 656; *People v Dyes,* 122 AD2d 69).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or relate to issues which constitute harmless error under the circumstances of this case. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.