■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CAVER, Also Known as DESHAWN BORTON, Appellant. [758 NYS2d 335] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 29, 2000, convicting him of manslaughter in the second degree and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was charged with murder, argues that the court should not have allowed into evidence the fact that certain witnesses knew his nickname, which was "Bloody Bad Ass." However, this evidence, which was "highly probative" with regard to the question of their ability to identify him as the perpetrator, was properly allowed (*People v Louis,* 192 AD2d 558, 559 [1993]; *see People v Candelario,* 198 AD2d 512 [1993]). To the extent that the defendant argues that he was prejudiced by the prosecutor's repeated references to his nickname (*see People v Lauderdale,* 295 AD2d 539 [2002]), that argument is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Diaz,* 235 AD2d 236 [1997]). In any event, while

we agree that this was improper, we conclude that under the circumstances, where the evidence of the defendant's guilt was overwhelming, and where the court instructed the jury not to consider the nickname as evidence of guilt, any error was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Santiago,* 255 AD2d 63 [1999]; *People v Diaz, supra* at 236).

The defendant's challenges to various remarks made by the prosecutor during her summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Oreckinto,* 253 AD2d 896 [1998]). In any event, the challenged comments were either within the bounds of permissible rhetoric (*see People v Galloway,* 54 NY2d 396 [1981]), constituted fair comment on the evidence presented (*see People v Ashwal,* 39 NY2d 105 [1976]), or were harmless under the circumstances (*see People v Crimmins, supra* at 242).

The sentencing court properly imposed consecutive sentences (*see People v Ramirez,* 89 NY2d 444 [1996]; *People v Lewis,* 268 AD2d 249 [2000]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.