[770 NYS2d 318]

Tʜᴇ Pᴇᴏᴘʟᴇ ᴏғ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏғ Nᴇᴡ Yᴏʀᴋ, Respondent, v Rɪᴄʜᴀʀᴅ Dᴏʏʟᴇ, Appellant.

First Department, January 8, 2004

## APPEARANCES OF COUNSEL

*Robert M. Morgenthau, District Attorney,* New York County (*Donna Krone* of counsel), for respondent.

*Robert S. Dean, Center for Appellate Litigation (Laura Burde* of counsel), for appellant.

## OPINION OF THE COURT

FRIEDMAN, J.

On January 14, 1998, defendant smoked crack cocaine for several hours with Daniel Moscicki. Defendant began arguing with Moscicki when the latter declined to give defendant money for the purchase of additional drugs. In the course of the argument, defendant attacked Moscicki with a sharp kitchen knife. Defendant stabbed the unarmed Moscicki in the chest, the hands, and the head; the wounds proved to be fatal. A grand jury subsequently voted a two-count indictment charging defendant with one count of intentional murder in the second degree (Penal Law § 125.25 [1]) and, in the alternative, one count of reckless murder under circumstances evincing a depraved indifference to human life (Penal Law § 125.25 [2]).

At trial, defendant, who admitted that he had committed the stabbing, adopted a strategy of minimizing the level of his culpability. To that end, defense counsel requested, pursuant to CPL 300.50, that the court instruct the jury on lesser included offenses under each count of the indictment. The court agreed to submit, under the intentional murder count, manslaughter in the first degree, on the theory that defendant acted under the influence of extreme emotional disturbance (Penal Law § 125.20 [2]), and, thereafter, manslaughter in the first degree, on the theory that defendant acted with intent to cause serious physical injury (rather than death) to another (Penal Law § 125.20 [1]). Under the depraved indifference murder count of the indictment, the court agreed to submit manslaughter in the second degree, on the theory that defendant had recklessly caused the victim's death (Penal Law § 125.15 [1]). The court refused, however, defendant's request to submit second-degree manslaughter under the intentional murder count.

The court did not submit the charges to the jury in simple descending order of culpability, although such procedure was

approved by the Court of Appeals in *People v Johnson* (87 NY2d 357 [1996]). Instead, the court instructed the jury to consider each charge submitted under the intentional murder count of the indictment before considering any charge under the depraved indifference murder count. Thus, the jury was directed first to consider intentional murder; if it found defendant not guilty of that, then first-degree manslaughter (extreme emotional disturbance); if it found defendant not guilty of that, then first-degree manslaughter (intent to cause serious physical injury); if it found defendant not guilty of that, then depraved indifference murder; and, finally, if it found defendant not guilty of depraved indifference murder, manslaughter in the second degree. After being so instructed, the jury convicted defendant of first-degree manslaughter (intent to cause serious physical injury), the last charge submitted under the intentional murder count of the indictment. Thus, the jury (assuming that it followed the court's instructions) did not reach either depraved indifference murder or second-degree manslaughter, the charges submitted under the second count of the indictment.

Defendant's main argument on appeal is that, although second-degree manslaughter was submitted under the depraved indifference murder count, the trial court committed reversible error in refusing the defense request also to submit that charge under the intentional murder count (*see* CPL 300.50 [2] ["If the court is authorized . . . to submit a lesser included offense and is requested by either party to do so, it must do so"]). For purposes of this appeal, we assume that defendant is correct in asserting that second-degree manslaughter was an appropriate lesser included offense under both counts of the indictment, a position the People do not dispute.[1] Even giving defendant the benefit of this assumption, however, reversal of the conviction would be warranted only if the defense had actually been prejudiced by the error in question (*see e.g. People v Gillette*, 254 AD2d 121, 122 [1998] [affirming conviction, notwithstanding erroneous submission of lesser included offense under one

---

1. Contrary to the trial court's view, second-degree manslaughter is in fact a potential lesser included offense of intentional murder (*see People v Tai*, 39 NY2d 894 [1976]; *People v Brantley*, 209 AD2d 272 [1994], *lv denied* 85 NY2d 936 [1995]). Since the parties appear to agree that, on this record, second-degree manslaughter could properly have been submitted to the jury as a lesser included offense of intentional murder, we need not independently determine whether such submission of the charge would have been appropriate under the second prong of the analysis prescribed by *People v Glover* (57 NY2d 61 [1982]).

count rather than the other, since the error was harmless under the circumstances], *lv denied* 93 NY2d 873 [1999]). Accordingly, the question that emerges on this appeal is whether the erroneous failure to submit second-degree manslaughter under the intentional murder count was rendered harmless by the submission of the very same charge under the depraved indifference murder count. We conclude that the error, if any, was harmless under these circumstances, and therefore affirm.

As our decision in *People v Gillette (supra)* illustrates, the failure to submit a lesser included offense under an appropriate count does not necessarily cause sufficient prejudice to the defense to warrant reversal where the same offense was submitted under a different count (even if, as in *Gillette*, the offense was submitted under the wrong count). Further, the Court of Appeals has observed that "[n]othing contained in article 300 of the Criminal Procedure Law . . . directs the order in which the jury should consider the various offenses submitted to it" (*People v Johnson*, 87 NY2d at 360). Accordingly, the issue further resolves into whether the court's direction to the jury in regard to the order of consideration of the charges interfered with the purpose of the rule requiring the submission of lesser included offenses.

It has long been recognized that the purpose of the rule of CPL 300.50 (2) is not only "to prevent the prosecution from failing where some element of the crime charged was not made out" (*People v Mussenden*, 308 NY 558, 562 [1955], quoting *People v Murch*, 263 NY 285, 291 [1934]), but also "to empower the jury 'to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence' " (*People v Mussenden, supra* at 562, quoting *People v Rytel*, 284 NY 242, 245 [1940]; *see also People v Green*, 56 NY2d 427, 433 [1982] ["From the perspective of the accused, submission of a lesser included offense enables the jury to extend mercy by providing a less drastic alternative than the choice between acquittal and conviction of the offense charged"]). Stated otherwise, the purpose, from defendant's point of view, of requiring the submission of a requested lesser included offense was to make the jury aware, in its consideration of the offense one level greater, that it could acquit defendant of the greater offense while retaining the option of convicting him of the lesser included offense to be considered thereafter (*see People v Boettcher*, 69 NY2d 174, 180 [1987] ["we have recognized, as a practical matter, that the availability of a lesser included offense may affect a jury's deliberations"]).

We fail to see how the purpose of requiring the submission of a requested lesser included offense, as described above, could have been thwarted by the trial court's instruction to consider the lesser included offense of second-degree manslaughter after depraved indifference murder, rather than immediately after the offense one level higher, that is, after first-degree manslaughter (intent to cause serious physical injury). Since the jury was instructed on all charges before deliberations began, the jurors were presumably aware throughout their deliberations of the option of convicting defendant of second-degree manslaughter, the charge of lowest culpability in this case, regardless of the order in which the jury was directed to consider the charges.[2] Accordingly, the jurors were fully capable of acquitting defendant of first-degree manslaughter (intent to inflict serious physical injury) in anticipation of the lower charge, had they wished to do so. In view of the sheer brutality of the conduct for which defendant was prosecuted, we do not find it surprising that the jury did not avail itself of this option. In short, the failure to submit second-degree manslaughter under the intentional murder count was, even if an error, harmless under these circumstances.[3]

Defendant also contends that the court should have instructed the jury that evidence of defendant's intoxication could negate the element of intent of the offense of which he was convicted. This claim is unpreserved, since defendant never requested an intoxication charge at trial, and, given that the failure to request such a charge appears to have been a strategic choice by his counsel, we decline to review it in the interest of justice. Finally, we perceive no abuse of sentencing discretion in the court's imposition of the maximum term for this brutal crime.

Accordingly, the judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered August 10, 2000, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 25 years in prison, should be affirmed.

---

**2.** Significantly, the jury was specifically instructed that "a crime committed recklessly [such as second-degree manslaughter] is generally regarded as less serious and blameworthy than a crime committed intentionally," such as both first-degree manslaughter charges in this case.

**3.** We note that defendant may well have benefitted from the order in which the jury was directed to consider the charges, since the finding of guilt on a lesser included offense under the first-submitted intentional murder count, before the inconsistent depraved indifference murder count was reached, may have "forced [the jury] to convict defendant of a lesser crime than his conduct actually warranted" (*People v Johnson*, 87 NY2d at 360).

BUCKLEY, P.J., SULLIVAN and ROSENBERGER, JJ., concur.

Judgment, Supreme Court, New York County, rendered August 10, 2000, affirmed.