■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. [771 NYS2d 680]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 2, 1998, convicting him of manslaughter in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly accepted the jury's full and complete verdict. Although the jury initially rendered a partial verdict, which the Supreme Court previously indicated it would accept, its acceptance of that verdict and a declaration of a mistrial as to the remaining charges (see CPL 310.70 [1] [a]) was pre-empted by the jury's subsequent delivery of a full and complete verdict. A mistrial due to a deadlocked jury, once declared, moreover, is not effective until the jury is discharged (see CPL 310.60; People v Dawkins, 82 NY2d 226, 230 [1993]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Pacheco,* 307 AD2d 328 [2003], *lv denied* 100 NY2d 623 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

After a pretrial suppression hearing, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The hearing testimony established that he knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), without requesting an attorney, before speaking with the detectives who recorded the voluntarily supplied statements (*see People v Lowe,* 300 AD2d 509; *People v Santarelli,* 268 AD2d 603, 604 [2000]; *People v Mejia,* 262 AD2d 585, 586 [1999]; *People v Marshall,* 244 AD2d 508 [1997]).

The Supreme Court also properly precluded the defendant from introducing evidence of third-party culpability since the proffered evidence was based upon mere speculation and lacked any probative value (*see People v Primo,* 96 NY2d 351, 357 [2001]; *People v Rodriguez,* 295 AD2d 456, 457 [2002]; *People v Malik,* 291 AD2d 571, 572 [2002]).

The defendant's challenges to various remarks made by the prosecutor during his summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Oreckinto,* 253 AD2d 896 [1998]). In any event, the challenged comments were either within the bounds of permissible rhetoric (*see People v Galloway,* 54 NY2d 396 [1981]), constituted fair comment on the evidence presented (*see People v Ashwal,* 39 NY2d 105 [1976]), or were harmless under the circumstances (*see People v Caver,* 302 AD2d 604, 605 [2003]).

Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that the defendant was provided with meaningful assistance and representation from his trial counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137, 146 [1981]).

The imposition of consecutive terms of imprisonment was also appropriate (*see People v Ramirez,* 89 NY2d 444 [1996]; *People v Lewis,* 268 AD2d 249, 250 [2000]; *People v Caver, supra* at 605). In addition, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.