THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RHODES, Appellant. [853 NYS2d 375]—

The defendant correctly contends that his statements to the police made prior to the administration of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) should have been suppressed. Considering all the relevant factors, an innocent person in the defendant's position would not have believed he

was free to leave after being taken to the police station in handcuffs, questioned for about three hours, and asked to give the police his clothing and DNA samples (*see People v Macklin*, 202 AD2d 445 [1994]). However, the evidence of the defendant's guilt, without reference to the statements themselves, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, the erroneous admission of these statements was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237-238 [1975]).

The defendant's contention that the People failed to establish his guilt of murder in the second degree and criminal possession of a weapon in the third degree by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), and giving the People the benefit of every reasonable inference which could be drawn from the circumstantial evidence adduced (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Way*, 59 NY2d 361, 365 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court properly denied, without a hearing, the defendant's motion to controvert the search warrant issued. The defendant failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally or with reckless disregard for the truth (*see Franks v Delaware*, 438 US 154 [1978]; *People v Alfinito*, 16 NY2d 181 [1965]; *People v Katharu*, 7 AD3d 403 [2004]). In any event, apart from the challenged statements, the remaining facts presented to the issuing magistrate were sufficient to establish probable cause for the search of the defendant's home (*see People v Tambe*, 71 NY2d 492 [1988]).

The County Court properly admitted into evidence photographs depicting the victim and the crime scene. The predominantly black and white photographs of the victim's wounds were admitted to illustrate and corroborate the testimony of the forensic pathologist who conducted the autopsy (*see People v Miller*, 170 AD2d 623 [1991]). The photographs were probative as to the essential elements of murder in the second degree and

criminal possession of a weapon in the third degree, since they suggested that the defendant was in possession of a dangerous instrument and used it with the requisite intent (*see People v Walsh*, 294 AD2d 519 [2002]). Other photographs of the victim and the crime scene were admitted to corroborate the testimony of other prosecution witnesses. Thus, we cannot conclude that the photographs were admitted solely "to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973], *cert denied* 416 US 905 [1974]), or that the trial court improvidently exercised its discretion in admitting these photographs into evidence (*see People v Walsh*, 294 AD2d at 520; *People v Angulo*, 265 AD2d 418 [1999]).

The County Court also properly precluded the defendant from introducing evidence of third-party culpability since the proffered evidence was based upon mere speculation and lacked any probative value (*see People v Primo*, 96 NY2d 351, 357 [2001]; *People v Johnson*, 4 AD3d 483 [2004]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.