■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO BERIGUETE, Appellant. [858 NYS2d 369]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered January 10, 2006, convicting him of murder in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the County Court's refusal to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree is foreclosed by the jury's verdict finding him guilty of murder in the second degree, the

crime alleged in the indictment, and its implicit rejection of the lesser-included offense of manslaughter in the first degree (*see People v Greenwald,* 236 AD2d 625, 626 [1997]; *People v Uddin,* 225 AD2d 806 [1996]).

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review because the defendant raised this issue with sufficient specificity in his motion, pursuant to CPL 290.10, for a trial order of dismissal at the close of the People's case, and did not thereafter waive his right to review by failing to renew the motion, since the defendant's case did not supply any additional evidence of guilt (*see People v Mendez,* 34 AD3d 697, 698 [2006]; *People v Soto,* 8 AD3d 683 [2004]; *see also People v Hines,* 97 NY2d 56, 62 [2001]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Ortiz,* 46 AD3d 580, 581 [2007], *lv denied* 10 NY3d 769 [2008]; *People v Kovacs,* 255 AD2d 457, 458 [1998]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The County Court properly admitted evidence of a prior incident of domestic violence between the defendant and the victim to establish the defendant's motive and the absence of mistake or accident (*see People v Molineux,* 168 NY 264, 291 [1901]; *People v Budhoo,* 46 AD3d 406 [2007]; *People v Kovacs,* 255 AD2d at 458).

The sentence imposed was not excessive (*see People v Ortiz,* 46 AD3d at 581; *People v Suitte,* 90 AD2d 80, 86 [1982]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.