THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIVE MCGEACHY, Appellant. [902 NYS2d 186]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered October 21, 2008, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the Supreme Court erred in submitting manslaughter in the first degree (*see* Penal Law § 125.20 [1]) as a lesser-included offense of murder in the second degree (*see* Penal Law § 125.25 [1]) is waived inasmuch as the defendant did not object to the submission of the charge of manslaughter in the first degree before the jury retired to deliberate (*see* CPL 300.50 [1]; *People v Ford*, 62 NY2d 275, 282-283 [1984]; *People v Tavarez*, 70 AD3d 732 [2010], *lv denied* 14 NY3d 845 [2010]).

Furthermore, the defendant's challenge to the Supreme Court's refusal to charge criminally negligent homicide as a lesser-included offense of murder in the second degree is foreclosed by the jury's verdict finding him guilty of manslaughter in the first degree, and its implicit rejection of the lesser-included offense of manslaughter in the second degree which had been submitted to it (*see People v Green*, 5 NY3d 538, 545 [2005]; *People v Johnson*, 87 NY2d 357, 361 [1996]; *People v Boettcher*, 69 NY2d 174, 180 [1987]; *People v Beriguete*, 51 AD3d 939, 939-940 [2008]; *People v McMurry*, 30 AD3d 444 [2006]; *People v Plumey*, 255 AD2d 462, 462-463 [1998]; *People v Greenwald*, 236 AD2d 625, 626 [1997]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence

(*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly denied, without a hearing, the defendant's motion to controvert a search warrant issued by the Supreme Court (Heffernan, J.) on December 22, 2006. The defendant failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally, or with reckless disregard for the truth (*see Franks v Delaware*, 438 US 154, 155-156 [1978]; *People v Cohen*, 90 NY2d 632, 637 [1997]; *People v Alfinito*, 16 NY2d 181, 186 [1965]; *People v Rhodes*, 49 AD3d 668, 669 [2008]; *People v Tordella*, 37 AD3d 500 [2007]; *People v Novick*, 293 AD2d 692 [2002]).

The defendant's remaining contentions are without merit. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.