OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
*6 On February 23, 2007, a federal magistrate authorized a search warrant, to be executed at defendant’s home, to seize computers, software, peripheral computer devices pertaining to data storage, business records, and other items, in relation to an unauthorized electronic intrusion into the computer business data files maintained by a corporation where defendant had worked as a computer information technology developer and which employment had recently ended {see 18 USC § 1030 [a] [2] [A]). The supporting affidavit by a federal Secret Service agent stated, among other grounds, that defendant had sent an e-mail to a person employed by the corporation from the same IP (Internet Protocol) address used by the intruder. Less than an hour later, from the same IP address, using an administrator username, someone had invaded customer credit card files, downloaded sensitive data via a server developed by a team led by defendant, and accessed another company computer through a portal developed by defendant for a corporate client. The warrant was executed, in the course of which a police officer recovered a Beretta handgun. The People charged defendant with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]).
Defendant moved to controvert the warrant, both on the ground that the affidavit “included statements that were deliberate falsehoods and were made with a reckless disregard for the truth,” namely, that the IP address of the intruder’s computer was at defendant’s home {see Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965]), and because the affidavit failed to establish probable cause to believe that evidence of the intrusion could be found at defendant’s home. The District Court denied the motion for a Franks!Alfinito hearing and, after a probable cause hearing at which it denied defendant’s application for an adjournment to produce an expert witness, found the warrant affidavit sufficient and denied the motion. Defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the fourth degree. Defendant appeals, and we affirm.
Defendant’s motion for a Franks/Alfinito hearing was properly denied. To obtain a hearing, a defendant {People v Cohen, 90 NY2d 632, 638 [1997]) must make a “substantial preliminary showing” that the affidavit contained material false statements made knowingly, intentionally, or with reckless disregard for the truth {People v McGeachy, 74 AD3d 989, 990 [2010]; People v Rhodes, 49 AD3d 668, 669 [2008]; People v *7 Tordella, 37 AD3d 500 [2007]). Here, defendant argued that the IP address alleged to represent the source of the illegal intrusion into the corporation’s computer files was not located at defendant’s home, but elsewhere, and that if the affiant assumed to the contrary, it could only have been the result of the reckless failure properly to investigate the truth, or if the address was properly investigated, was asserted with a knowing disregard for the truth. A review of the affidavit submitted in support of the warrant does not support that claim.
Defendant asserted that the affiant lacked sufficient grounds for the purpose of obtaining a search warrant to establish the IP location at defendant’s home. Even if it can be shown that the IP could not be associated with defendant’s home, there is no evidence that the agent knew or should have known that fact at the time the warrant was authorized. Indeed, the affiant did not make this assertion. Rather, she alleged that the evidence connected defendant with the intrusion, and made the general observation that, in her experience, such intrusions are usually launched from the intruder’s home. These circumstances do not constitute the substantial preliminary showing of material falsehoods or a reckless disregard of the truth required for a hearing (People v McGeachy, 74 AD3d at 990).
Moreover, knowledge of the precise geographical location of the IP address at the time the warrant was authorized was not critical to the warrant’s validity. A presumption of validity attaches to a warrant (People v Johnson, 66 NY2d 398, 405 [1985]), and a review of the sufficiency of a supporting affidavit should not be conducted in a hypertechnical manner but on all of the facts and circumstances, considered collectively and in the light of everyday experience {People v Gramson, 50 AD3d 294, 295-296 [2008]). Here, the assertions, based on information obtained from corporate employees regarding defendant’s employment, technical expertise, and knowledge of the corporation’s internal computer systems (certain of which defendant had helped create), rendered it reasonable on investigation to expect that evidence tending to prove the commission of a computer offense and of defendant’s participation would be found at defendant’s home {People v Tambe, 71 NY2d 492, 503 [1988]; e.g. People v Rhodes, 49 AD3d at 669). Thus, the motion to controvert the facial sufficiency of the warrant affidavit was properly denied.
We also find no error in the District Court’s refusal to grant an adjournment of the suppression hearing to permit de *8 fendant to produce a witness. The determination to grant an adjournment is normally left to the sound discretion of the trial court (People v Foy, 32 NY2d 473, 476 [1973]), which discretion is “more narrowly construed” when a fundamental right is involved (People v Spears, 64 NY2d 698, 700 [1984]). Although the right to present witnesses of one’s choosing is such a right (People v Jackson, 41 AD3d 498 [2007]), the record does not establish that the court improvidently exercised that discretion. Among the facts examined is the conduct of the defense with respect to the witness, that is, whether due diligence was exercised in attempting to produce the witness, whether the testimony would be material and favorable to the defendant, whether the witness will be available at a later date, and whether the evidence would be merely cumulative of other evidence (id.; e.g. People v Hartman, 64 AD3d 1002, 1003 [2009]).
Here the defense knew in advance of the date of the suppression hearing that the agent would likely be the only witness. There is no clear reason why defendant’s witness was not made available on the day of the hearing, given the likelihood that the prosecution’s witness, testifying as to a narrow range of issues, would not occupy an entire day of testimony and cross-examination, or why the defense did not request an adjournment prior to the commencement of the hearing if the witness was not going to be available on the hearing date. The witness was not identified, and there was no offer of proof as to the nature of the proposed expert testimony. If, as defendant asserts on appeal, the testimony would have been in relation to the geographical aspects of IP addresses, defendant never established at the hearing what the expert would have said on these matters, and there was no showing that the expert’s testimony would not have been cumulative to what defendant, apparently an expert in his own right, stated in the course of his testimony. As defense counsel admitted that no effort had been made to attempt to produce the witness at the hearing, there was no showing of diligence (People v McKinney, 172 AD2d 694, 695 [1991]). Indeed, if the only purpose was to establish that at the time the warrant was authorized the IP was not in fact associated with a computer located at defendant’s home, such evidence would not have sufficed to controvert the warrant.
Defendant’s claim that his statements to the investigating officers were erroneously admitted at the suppression hearing because they were not included in the People’s CPL 710.30 notice papers is without merit. The failure to provide such notice *9 did not preclude the use of such statements at a pretrial suppression hearing in relation to a probable cause determination (People v Aldrich-O’Shea, 6 Misc 3d 35, 37 [App Term, 9th & 10th Jud Dists 2004]).
Accordingly, the judgment of conviction is affirmed.
Tanenbaum, J.E, Molía and Iannacci, JJ., concur.