■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MARTINEZ-RAMOS, Appellant. [22 NYS3d 907]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Corrigan, J.), rendered July 7, 2014, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's conten-

tion, the evidence with respect to the charge of murder in the second degree was legally sufficient to disprove his justification defense beyond a reasonable doubt (*see* Penal Law § 35.15; *People v Postell*, 217 AD2d 669 [1995]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court did not err in refusing to give an intoxication charge to the jury. The evidence was insufficient to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (*see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Lynch*, 92 AD3d 805 [2012]).

The trial court did not err in refusing to charge manslaughter in the second degree as a lesser-included offense of intentional murder. There is no reasonable view of the evidence which would support a finding that the defendant acted recklessly but not intentionally (*see People v Rivera*, 23 NY3d 112, 124 [2014]; *People v Butler*, 84 NY2d 627 [1994]; *People v Valentin*, 118 AD3d 823 [2014]).

The defendant's contention that the sentencing court improperly imposed restitution is unpreserved for appellate review (*see People v Kim*, 91 NY2d 407, 410 [1998]; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Fletcher*, 209 AD2d 635 [1994]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are not properly before this Court. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.