People v Edwards (2018 NY Slip Op 02335)





People v Edwards


2018 NY Slip Op 02335


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2014-08534
 (Ind. No. 3077/13)

[*1]The People of the State of New York, respondent,
v
Daneel Edwards, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered August 20, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the People failed to disprove the defense of justification (see CPL 470.05[2]; People v Simpson, 151 AD3d 762, 762). In any event, the evidence, when viewed in the light most favorable to the prosecution, was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Martinez-Ramos, 135 AD3d 965, 965-966; People v Candelaria, 206 AD2d 385, 385-386; People v Fousse, 167 AD2d 416). The People also adduced legally sufficient evidence that the defendant intended to cause the death of another person (see People v Moore, 118 AD3d 916, 917; People v Townsend, 83 AD3d 969, 970; People v Smith, 35 AD3d 635; People v Jones, 309 AD2d 819, 820). Moreover, upon our independent review of the evidence pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on the count of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the Supreme Court deprived him of a fair trial by failing to provide the jury with a complete charge on the defense of justification because the charge as given did not include language advising the jury how to assess the victim's reputation, prior convictions, and his threats against the defendant. This contention is unpreserved for appellate review, since the defendant failed to request that the charge include such additional language or object to the charge as given (see CPL 470.05[2]; People v Stewart, 71 AD3d 797, 798; People v Soto, 31 AD3d 793, 793). In any event, the contention is without merit, since the court fairly and accurately described the applicalbe law (see People v Brunson, 1 AD3d 375; People v Muhammed, 303 AD2d 424, 424).
The defendant also contends that the Supreme Court erred in refusing to submit the charge of manslaughter in the second degree to the jury as a lesser included offense of murder in the [*2]second degree. However, that challenge is foreclosed, since the lesser-included offense of manslaughter in the first degree was submitted to the jury and the jury implicitly rejected that lesser-included offense, as evidenced by its verdict convicting the defendant of the highest count of the indictment, murder in the second degree (see People v Boettcher, 69 NY2d 174, 180; People v Richette, 33 NY2d 42, 45-46; People v Hira, 100 AD3d 922, 923; People v Beriguete, 51 AD3d 939, 939-940; People v Powers, 231 AD2d 744, 744; People v Vega, 155 AD2d 632, 633; see also People v McGeachy, 74 AD3d 989, 989).
The defendant's contentions, raised in his pro se supplemental brief, regarding the admission into evidence of People's exhibit 49 and whether the jury was timely sworn in accordance with CPL 270.05, are unpreserved for appellate review and, in any event, without merit. Moreover, contrary to the defendant's contention, he was not deprived of the effective assistance of trial counsel (see People v Flowers, 28 NY3d 536, 541).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court