People v Rodriguez (2018 NY Slip Op 07824)





People v Rodriguez


2018 NY Slip Op 07824


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7621 1868/13

[*1]The People of the State of New York, Respondent,
v
Jose Rodriguez, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J. at hearing; Lester Adler, J. at jury trial and sentencing), rendered March 1, 2016, convicting defendant of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.
The court providently exercised its discretion in precluding defense counsel from asking certain questions of prospective jurors, such as questions concerning the panelists' feelings rather than their ability to reach a fair and impartial verdict (see People v Pepper, 59 NY2d 353, 358 [1983]; People v Boulware, 29 NY2d 135, 141 [1971], cert denied 405 US 995 [1972]). Moreover, the court permitted inquiry into the substance of all relevant subjects, and its limitations on voir dire essentially went to the phrasing of some questions. The record fails to support defendant's claim of disparate treatment by the court of the prosecution and defense.
The court properly denied defendant's request to submit third-degree assault as a lesser included offense, because there was no reasonable view of the evidence, viewed most favorably to defendant, that he assaulted his girlfriend negligently or recklessly rather than intentionally (see generally People v James, 11 NY3d 886, 888 [2008]). The victim's account of being repeatedly stabbed by defendant with a long knife was abundantly corroborated by bystanders, and there is nothing to support a theory of unintentional conduct. Defendant's contention that such a lesser included offense charge was warranted by his statement after the incident that he was "drunk" is unpreserved, because defense counsel did not raise this argument or request an intoxication charge, and we decline to review it in the interest of justice (see e.g. People v Doyle, 3 AD3d 126, 130 [1st Dept 2004], lv denied 2 NY3d 739 [2004]). As an alternative holding, we reject it on the merits.
The court providently exercised its discretion in denying defense counsel's request for a missing witness charge as to a man who allegedly intervened during the incident, and later met with the prosecutor but refused to testify. This witness was not under the People's control for purposes of a missing witness charge, because there was no evidence he had any relationship with the victim or anyone else relevant to this case (see e.g. People v Rawls, 65 AD3d 978 [1st Dept 2009], lv denied 14 NY3d 773 [2010]).
There is no merit to any of defendant's challenges to audio recordings of five 911 calls. The People sufficiently authenticated the recordings through testimony from a technician establishing that the recordings were what they purported to be based on the standard procedures employed by the Police Department (see e.g. DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146 [1st Dept 2003]; see also People v Ely, 68 NY2d 520, 527 [1986]), as well as by way of the Department's certification of authenticity (see CPLR 4518[c]). The court providently admitted the 911 calls under the present sense impression and excited utterance exceptions to the hearsay rule, because the callers described their substantially contemporaneous observations of the incident, and the circumstances and contents of the calls generally showed that the callers made [*2]their statements under the stress of nervous excitement (see generally People v Johnson, 1 NY3d 302, 306 [2003]; People v Vasquez, 88 NY2d 561, 575 [1996]). Defendant's Confrontation Clause argument is unavailing because the nontestifying declarants' statements were not testimonial, in that they were made for the purpose of responding to an "ongoing emergency" (Davis v Washington, 547 US 813, 822 [2006]; see e.g. People v Villalona, 145 AD3d 625, 626 [1st Dept 2016], lv denied 29 NY3d 953 [2017]).
The hearing court correctly declined to preclude or suppress defendant's statement to a caseworker employed by the New York City Administration for Children's Services. The statement was made during the pendency of the instant assault case, in which the victim was defendant's adult girlfriend. The notice requirement of CPL 710.30(1)(a) did not apply because the caseworker was merely conducting a child protective investigation and was not acting in cooperation with law enforcement (see People v Batista, 277 AD2d 141 [1st Dept 2000], lv denied 96 NY2d 825 [2001]). Since there was no law enforcement involvement, there was also no violation of defendant's right to counsel.
The court providently exercised its discretion in denying defendant's mistrial motion, made after the court struck testimony by the victim that allegedly suggested that defendant had committed uncharged crimes. The jury is presumed to have followed the court's instructions to disregard that testimony (see People v Davis, 58 NY2d 1102 [1983]). In any event, defendant failed to establish that this testimony actually concerned prior uncharged crimes or bad acts.
Defendant's general objections and belated mistrial motion failed to preserve his challenges to the People's summation (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal, because any improprieties in the summation were not so pervasive or egregious as to deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
To the extent harmless error analysis applies to the issues raised by defendant on appeal, we find that any errors were harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK